IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAKAB SAUDI HOLDING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SAAD KHALID S AL JABRI, *et al.*,<br><br>Defendants. | Case No. 21-cv-10529-NMG |

**STATEMENT OF INTEREST OF THE UNITED STATES**

The United States respectfully submits this Statement of Interest pursuant to 28 U.S.C. § 517[1] to provide the Court with additional information regarding its potential interest and participation in this matter, and to support Defendants' forthcoming motion to extend their deadline to respond to the motion to remand, ECF No. 17, until August 10, 2021.

BACKGROUND

Plaintiff in this action is the Sakab Saudi Holding Company, an entity established by the Kingdom of Saudi Arabia for the purpose of performing anti-terrorism activities, funded by the Kingdom's Ministry of Finance. *See* Compl. ¶ 17, ECF No. 1-1. The individual Defendants include Dr. Saad Khalid S Aljabri, a former official of the Kingdom of Saudi Arabia, and two of his sons. *See id.* ¶¶ 25, 29, 31. Plaintiff claims that Defendants defrauded Sakab through various prior dealings, and filed this lawsuit in Massachusetts state court on March 24, 2021, seeking relief as to certain assets located in this state in connection with an order issued by a court in Ontario,

---

[1] Section 517 provides that "[t]he Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States."

Canada. *See id.* ¶ 1. Shortly thereafter, on March 29, 2021, Defendants removed the matter to this Court, at which time the United States became aware of the litigation. Notice of Removal, ECF No. 1. Plaintiff has since filed a motion to remand the matter to state court. ECF No. 17. In their notice of removal, Defendants assert that this suit "implicates serious federal interests and issues" regarding alleged national security activities of the United States Government. Notice of Removal ¶ 8.

The United States previously filed a notice of potential participation explaining that the Government is currently considering whether and how to participate in this action, including if necessary and applicable, through an assertion of appropriate governmental privileges. ECF No. 27. The Government proposed to advise the Court how it seeks to proceed in this matter by May 26, 2021. Although the Government has been diligently considering its potential interest in this matter, that decision-making process is still ongoing. Accordingly, the United States supports the Defendants' forthcoming request to extend their deadline to respond to the motion to remand, and believes good cause exists to grant that motion.

## DISCUSSION

The United States takes no position on the merits of Plaintiff's claims, the veracity of Defendants' allegations, or the ultimate outcome of this litigation. But it is well established that the United States has had extensive dealings with the Kingdom of Saudi Arabia over many years, working closely with Saudi authorities on a wide range of shared interests, including counterterrorism and regional security efforts. Defendants allege, among other things, that "Plaintiff's claims of fraudulent activity at Sakab require examination of the counterterrorism and national security activities of the United States Government," and that "assessing those claims implicates serious foreign policy interests of the United States Government." Notice of Removal

¶¶ 8, 9. Given Defendants' contentions, the Government understands that in their response to Plaintiff's motion to remand, Defendants intend to describe information concerning alleged national security activities purportedly put at issue in these proceedings. *See* Notice of Removal ¶ 42.[2] Faced with both Defendants' allegations and the United States' historic relationship with the Saudi government, as well as the need to consult with recently confirmed senior officials in departments and agencies that may have an interest in the position to be taken by the U.S. Government, the Government needs additional time to carefully assess what, if any, actions are necessary to protect overall U.S. Government interests. Matters involving the foreign relations and national security of the United States, such as those that may be implicated by this case, necessarily require "delicate" and "complex" judgments by senior officials of the Executive Branch. *Cf. Chicago & Southern Air Lines v. Waterman S.S. Corp.,* 333 U.S. 103, 111 (1948). For these reasons, the Government supports Defendants' forthcoming request for 60 additional days to respond to the motion to remand, which would provide additional time for the United States to determine whether or not to intervene or otherwise act to protect any interests of the United States in this litigation.[3]

The Court denied the Government's prior request for additional time without prejudice, construing the Government's Notice of Potential Participation as a non-party motion and ordering that the Government must intervene should it seek to extend deadlines in this litigation. ECF No. 30. In light of the Court's order, the United States makes this submission in support of the Defendants' motion to extend time, pursuant to 28 U.S.C. § 517, which authorizes the Attorney

---

[2] The United States can neither confirm nor deny allegations of classified national security activities.

[3] If requested by the Court, the United States is willing to provide further information to the Court, *ex parte*, *in camera*, concerning its deliberations and interests.

General to send attorneys of the Department of Justice to "attend to the interests of the United States in a suit pending in a court of the United States . . . or to attend to any other interest of the United States."  As the D.C. Circuit has explained, section 517 "plainly confers upon the Attorney General broad discretion in his decision to dispatch government lawyers to attend to *any* . . . interest of the United States."  *Hall v. Clinton*, 285 F.3d 74, 80 (D.C. Cir. 2002) (citation omitted).  Under this authority, the United States may appear in an action through the Department of Justice to attend to its interests without formal intervention.  Here, the Government supports the extension to be requested by the Defendants, which would further the Government's interests in having additional time to consider the matter at issue in this case.  Formal intervention at this point by the United States would be premature as the United States has not yet determined whether to take any further action in this matter, and because intervention (even merely to seek additional time) would itself resolve the pending issue of federal jurisdiction if the United States were to become a party in this action.  *See* 28 U.S.C. § 1442(a)(1) (a civil action commenced in a State court against the United States or an agency thereof may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending); *cf. In Re National Sec. Agency Telecomm. Records*, 483 F. Supp. 2d 934 (N.D. Cal. 2007) (remand of an action to State court would be futile where Government could intervene under State law and remove the action again to federal court under 28 U.S.C. § 1442(a)(1)).

## CONCLUSION

For the foregoing reasons, the United States requests that the Court grant the Defendants' forthcoming further motion to extend their response to the motion to remand to August 10, 2021.  The Government proposes to advise the Court how it seeks to proceed in this matter on or before

4

August 3, 2021.  The United States appreciates the Court's consideration of its potential interest in this case and regrets any inconvenience to the Court and the parties.

Dated: May 26, 2021

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General, Civil Division

ANTHONY J. COPPOLINO
Deputy Director, Federal Programs Branch

/s/ James Powers
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone:  (202) 353-0543
Email:  james.r.powers@usdoj.gov

*Counsel for the United States*

### CERTIFICATE OF SERVICE

I hereby certify that on May 26, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/ James Powers
JAMES POWERS