## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SAKAB SAUDI HOLDING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:21-cv-10529-NMG |
| v. | ) | |
| SAAD KHALID S AL JABRI, | ) | |
| KHALID SAAD KHALID AL JABRI, | ) | |
| MOHAMMED SAAD KH AL JABRI, | ) | |
| NEW EAST (US) INC., | ) | |
| NEW EAST 804 805 LLC, | ) | |
| NEW EAST BACK BAY LLC, | ) | |
| Defendants. | ) | |

### STIPULATION AND AGREEMENT
### RELATING TO CERTAIN REAL PROPERTY

WHEREAS, Plaintiff Sakab Saudi Holding Company ("Sakab") originally commenced this civil action in the Superior Court Division of the Trial Court of the Commonwealth of Massachusetts, Suffolk County ("the Superior Court"), on March 24, 2021, by filing the Verified Complaint, naming as Defendants Saad Khalid S Al Jabri, Khalid Saad Khalid Al Jabri, Mohammed Saad Kh Al Jabri (collectively, the "Al Jabri Family Defendants"), New East (US) Inc. ("US Inc."), New East 804 805 LLC ("804 805"), and New East Back Bay LLC ("Back Bay" and, collectively with US Inc. and 804 805, the "New East Defendants") (the New East Defendants, collectively with the Al Jabri Family Defendants, the "Defendants," and the Defendants, collectively with Sakab, the "Parties" and each, a "Party"), in Civil Action No. 2184-cv-00688; and

WHEREAS, Sakab previously commenced a civil action in Canada, *Sakab Saudi Holding Co., et al. v. Saad Khalid S Al Jabri, et al.*, No. CV-21-00655418-00CL (the "Ontario Action"),

and obtained a *Mareva* injunction from the Ontario Superior Court of Justice on January 22, 2021 (the "Mareva Injunction"),

WHEREAS, simultaneously with filing the Verified Complaint, Sakab filed Emergency Motions for Attachment of Real Property, Approval of Memorandums of *Lis Pendens* (collectively with the Motion for Attachment of Real Property, the "Asset Motions"), and to Stay Proceedings (collectively with the Asset Motions, the "Initial Motions"); and

WHEREAS, the Asset Motions seek relief with respect to eight condominiums located in Boston, Massachusetts (together, the "Boston Properties" and individually, each a "Boston Property"), specifically:

1. Millennium Place Boston Penthouse PH-01 (parcel 0304488502), 580 Washington Street, Boston, MA 02111, in the County of Suffolk, Commonwealth of Massachusetts;

2. Millennium Place Boston Unit 804 (parcel 0304488264), 580 Washington Street, Boston, MA 02111, in the County of Suffolk, Commonwealth of Massachusetts;

3. Millennium Place Boston Unit 805 (parcel 0304488266), 580 Washington Street, Boston, MA 02111, in the County of Suffolk, Commonwealth of Massachusetts;

4. Millennium Place Boston Unit 714 (parcel 0304488242), 580 Washington Street, Boston, MA 02111, in the County of Suffolk, Commonwealth of Massachusetts;

5. Millennium Place Boston Unit 3E (parcel 0304488052), 580 Washington Street, Boston, MA 02111, in the County of Suffolk, Commonwealth of Massachusetts;

6. Mandarin Oriental Boston Unit W10-C (parcel 0401037856), 776 Boylston Street, Boston MA 02199, in the County of Suffolk, Commonwealth of Massachusetts;

7. One Dalton Boston Unit 5202 (parcel 0401149310), 1 Dalton Street, Boston, MA 02115, in the County of Suffolk, Commonwealth of Massachusetts; and

8.  One Dalton Boston Unit 5203 (parcel 0401149308), 1 Dalton Street, Boston, MA 02115, in the County of Suffolk, Commonwealth of Massachusetts; and

WHEREAS, the owner of each such property is one of the New East Defendants; and

WHEREAS, the New East Defendants deny Sakab's claims as alleged in the Verified Complaint and dispute Sakab's right to the relief sought in the Initial Motions;[1] and

WHEREAS, without waiving objections to service or any other objection or defense any of the Defendants may have, Defendants Saad Khalid S Al Jabri and Khalid Saad Khalid Al Jabri on March 29, 2021 filed a Notice of Removal in the United States District Court of the District of Massachusetts (the "District Court"), and along with it Notices of Consent to Removal from Defendant Mohammed Saad Kh Al Jabri and the New East Defendants, such that the action is now pending in the District Court as Case No. 1:21-cv-10529-NMG; and

WHEREAS, Sakab filed in the District Court a Motion to Remand after 6:00pm on April 9, 2021, and pursuant to Local Rule 5.4(d), the Motion is deemed filed on April 12, 2021; and

WHEREAS, the Parties agree that it is in the interest of efficient and orderly proceedings to avoid the need to address the Initial Motions on an emergency basis;

NOW, THEREFORE, in consideration of the mutual promises contained herein, the Parties agree as follows:

1.      The New East Defendants will, within 48 hours of the execution of this Stipulation and Agreement (the "Stipulation"), or as soon as reasonably practicable thereafter, execute, have notarized, and deliver to Sakab's counsel originals and PDF copies of the respective Negative Pledge Notices as follows:  (a) US Inc. will execute, have notarized, and deliver the Negative Pledge Notice attached hereto as Exhibit 1, (b) 804 805 will execute, have notarized, and deliver

---

1    The Al Jabri Family Defendants have not yet been served and preserve their objections to personal jurisdiction.

the Negative Pledge Notice attached hereto as Exhibit 2, and (c) Back Bay will execute, have notarized, and deliver the Negative Pledge Notice attached hereto as Exhibit 3.

2.     The New East Defendants authorize and consent to the recording of the Negative Pledge Notices in the Suffolk County Registry of Deeds.

3.     Sakab will, within 48 hours of the execution of this Stipulation, or as soon as reasonably practicable thereafter, execute, have notarized, and deliver to the New East Defendants' counsel originals and PDF copies of the respective Discharge and Release of Notice of Negative Pledge attached hereto as Exhibits 4-6.  The New East Defendants' counsel will hold the executed Exhibits 4-6 in escrow and will only file them with the Suffolk County Registry of Deeds upon the termination of this Stipulation.

4.     Sakab authorizes and consents to the New East Defendants' counsel filing Exhibits 4-6 with the Suffolk Country Registry of Deeds upon the termination of this Stipulation.

5.     Sakab withdraws its request for emergency treatment of the Initial Motions.  If those motions are ultimately heard in the District Court or the Superior Court, as the case may be, the Parties agree that the Initial Motions may be heard on a briefing schedule proposed by any Party or Parties and approved by the appropriate court or, absent agreement of the Parties, set by the court.

6.     The New East Defendants agree and covenant, while this Stipulation is in effect, that they shall not, and shall not permit any other individual, entity, association or trust to, (i) create, assume, incur, or suffer to exist any lien, mortgage, deed of trust, pledge, assignment, charge, security interest, or other encumbrance of any kind (including, without limitation, any purchase and sale agreement, conditional sale agreement, or other title retention agreement) on or with respect to any Boston Property or any portion thereof or interest therein; (ii) transfer, assign,

convey, sell, charge, lien, pledge, or encumber any direct or indirect equity or beneficial interest in or to a New East Defendant; or (iii) transfer, assign, convey, sell, charge, lien, pledge, or encumber any Boston Property or any portion thereof or any interest therein; provided that this Stipulation does not expand or limit the Mareva Injunction or any future Modification to the Mareva Injunction.[2]

7.    Mohammed Saad Kh Al Jabri represents that he is the beneficial owner of New East (U.S.), Inc., New East 804 805 LLC and New East Back Bay LLC.  Mohammed Saad Kh Al Jabri agrees for himself and his successors and assigns that, while this Stipulation is in effect, he and his successors and assigns will not sell, transfer, assign, pledge, charge, lien or otherwise dispose of, mortgage, grant a security interest in, or otherwise encumber his interests in any New East Defendant, or permit any ownership interest in any New East Defendant to be sold, transferred, pledged, charged, or to become subject to a lien, or otherwise disposed of, mortgaged, become subject to a security interest, or become otherwise encumbered.

8.    This Stipulation will be in effect until the earlier of 30 days after disposition of the Asset Motions (including the mooting of the Asset Motions due to dismissal of the Complaint), the vacatur or dismissal of the *Mareva* injunction, or one year from the date the Stipulation is fully executed.  This Stipulation may be extended by express written consent of the Parties for a period agreed upon by the Parties.  If this Stipulation is not extended by the Parties, there will be (a) a 30-day waiting period following termination before the New East Defendants may take any action to (i) create, assume, incur, or suffer to exist any lien, mortgage, deed of trust, pledge, assignment,

---

[2]    The Parties agree that the lease of any Boston Property in the ordinary course shall not be considered an act in violation of Paragraphs 5-7 of this Stipulation, and further agree that the creation of a lien or other security interest by operation of law or by a person outside the control of any Party shall not constitute a breach of this Stipulation.

charge, security interest, or other encumbrance of any kind (including, without limitation, any purchase and sale agreement, conditional sale agreement, or other title retention agreement) on or with respect to any Boston Property or any portion thereof or interest therein; (ii) transfer, assign, convey, sell, charge, lien, pledge, or encumber any direct or indirect equity or beneficial interest in or to a New East Defendant; or (iii) transfer, assign, convey, sell, charge, lien, pledge, or encumber any Boston Property or any portion thereof or any interest therein, and (b) a 30-day waiting period following termination before any of the Al Jabri Family Defendants may take action to sell, transfer, assign, pledge, charge, lien or otherwise dispose of, mortgage, grant a security interest in, or otherwise encumber his shares or membership interest (as the case may be) in any New East Defendant (to the extent they have any interest in the New East Defendants).

9.     The Parties agree that, subject to Paragraph 10 of this Stipulation and except for actions to effect service of the Summons and Verified Complaint on certain Defendants, they will take no further action in the proceedings in the District Court unrelated to either (i) the Motion to Remand or (ii) any motion by the United States to intervene or otherwise participate in this action until disposition of the Motion to Remand.

10.     Any Party may apply to the appropriate court for relief from any aspect of this Stipulation if exigent circumstances so require; provided, however, that such Party may do so only after having attempted in good faith to reach a resolution through discussions with the other Parties.

11.     By agreeing to this Stipulation, no Party is waiving (i) any objection to the personal jurisdiction or subject matter jurisdiction of the District Court or Superior Court or the Ontario Superior Court of Justice over him or it, or to the lack or adequacy of service of process; or (ii) any claim or defense.  Sakab shall not use this Stipulation as a basis to assert personal jurisdiction over

any Defendant, or as a basis to recognize the appointment of any receiver appointed in the Ontario Action.

12.     Nothing in this Stipulation is, or shall be deemed to be, an admission or concession by any Party including that (i) any other Party has any interest in any Boston Property, or (ii) any issue with respect to ownership or use of the Boston Properties, or the relief sought in the Initial Motions, has been adjudicated.  No Party shall submit this Stipulation to in the Ontario Action for the purpose of proving or disputing any issue of fact or law; except that the Stipulation may be submitted in the Ontario Action for the purpose of (a) advising the Ontario Superior Court of procedural developments in this action or (b) rebutting the veracity of a statement made in the Ontario Action about the contents, existence or operation of the Stipulation.

13.     Each individual signing this Stipulation on behalf of a legal entity represents and warrants that he or she has the authority to do so, and that the legal entity has the legal capacity and authority to enter into the Stipulation, and that the legal entity will be bound by this Stipulation.

14.     This Stipulation may be executed in counterpart signature pages with each counterpart being deemed an original and all of which taken together shall constitute one and the same Stipulation.  A .pdf, facsimile, or Docusign of a signature or signatures to this Stipulation will be treated as an original.

[Remainder of page intentionally left blank]

DATED:        June 29 2021

Sakab Saudi Holding Company

By: _____
    Abdulaziz Alnowaiser
    General Manager


Mohammed Saad Kh Al Jabri


By: _____
    Mohammed Saad Kh Al Jabri


New East (U.S.) Inc.


By: _____
    Jonathan Wainwright
    Vice President and Treasurer


New East 804 805 LLC


By: _____
    Jonathan Wainwright
    Manager


New East Back Bay LLC


By: _____
    Jonathan Wainwright
    Manager

DATED:      June 30, 2021

Sakab Saudi Holding Company

By: _____
Abdulaziz Alnowaiser
General Manager

Mohammed Saad Kh Al Jabri

By: _____
Mohammed Saad Kh Al Jabri

New East (U.S.) Inc.

By: _____
Jonathan Wainwright
Vice President and Treasurer

New East 804 805 LLC

By: _____
Jonathan Wainwright
Manager

New East Back Bay LLC

By: _____
Jonathan Wainwright
Manager

DATED:        June 30, 2021

Sakab Saudi Holding Company

By:   _____
      Abdulaziz Alnowaiser
      General Manager

Mohammed Saad Kh Al Jabri

By:   _____
      Mohammed Saad Kh Al Jabri

New East (U.S.) Inc.

By:   _____
      Jonathan Wainwright
      Vice President and Treasurer

New East 804 805 LLC

By:   _____
      Jonathan Wainwright
      Manager

New East Back Bay LLC

By:   _____
      Jonathan Wainwright
      Manager

-8-

Approved:

/s/

Richard M. Zielinski (BBO#540060)
Douglas B. Rosner (BBO# 559963)
Denis M. King (BBO# 555838)
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-4112
rzielinski@goulstonstorrs.com
drosner@goulstonstorrs.com
dking@goulstonstorrs.com

William R. Stein (*Pro Hac Vice*)
Samuel W. Salyer (*Pro Hac Vice*)
HUGHES HUBBARD & REED LLP
1775 I St., N.W.
Washington, D.C. 20006
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
william.stein@hugheshubbard.com
samuel.salyer@hugheshubbard.com

Neil J. Oxford (*Pro Hac Vice*)
Meaghan Gragg (*Pro Hac Vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 299-6000
neil.oxford@hugheshubbard.com
meaghan.gragg@hugheshubbard.com

*Attorneys for Sakab Saudi Holding Company*

-and-

/s/

R. Robert Popeo (BBO #403360)
Scott C. Ford (BBO #629280)
MINTZ, LEVIN, COHN, FERRIS
GLOVSKY AND POPEO, PC
One Financial Center
Boston, MA 02111
Phone: (617) 348-1744
Fax: (617) 542-2241
rrpopeo@mintz.com
scford@mintz.com

Lindsay C. Harrison (*Pro Hac Vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW
Suite 900
Washington, DC 20001-4412
Phone: (202) 639-6865
Fax: (202) 639-6066
lharrison@jenner.com

*Attorneys for Saad Khalid S Al Jabri &*
*Khalid Saad Khalid Al Jabri*

-and-

Faith Gay (*Pro Hac Vice*)
Caitlin Halligan (*Pro Hac Vice*)
Joshua Margolin (*Pro Hac Vice*)
SELENDY & GAY, PLLC
1290 Avenue of the Americas
New York, NY 10104
Phone: (212) 390-9000
fgay@selendygay.com
challigan@selendygay.com
jmargolin@selendygay.com

Anthony S. Fiotto (BBO# 558089)
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
Phone: (617) 570-1000
afiotto@goodwinlaw.com

Jaime A. Santos (BBO# 689946)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC 20036
Phone: (202) 346-4000
jsantos@goodwinlaw.com

*Attorneys for Mohammed Saad Kh Al Jabri,*
*NEW EAST (US) INC., NEW EAST 804 805*
*LLC, and NEW EAST BACK BAY LLC*

# Exhibit 1

NOTICE OF NEGATIVE PLEDGE

**New East (US) Inc.**, a Delaware corporation ("Owner"), hereby affords notice that, pursuant to a Stipulation and Agreement dated as of June 30, 2021, and filed in the United States District Court for the District of Massachusetts (the "Court"), by and among Owner, certain of its affiliates and Sakab Saudi Holding Company ("Sakab"), as the same may hereafter be amended, modified or restated, Owner has covenanted that, with respect to the several premises described on Exhibit A annexed hereto (individually and collectively, the "Property"), it will not, and will not permit any other individual, entity, association or trust to, (i) create, assume, incur, or suffer to exist any lien, mortgage, deed of trust, pledge, assignment, charge, security interest or other encumbrance of any kind (including, without limitation, any purchase and sale agreement, conditional sale agreement or other title retention agreement) on or with respect to the Property or any portion thereof or any interest therein, (ii) transfer, assign, convey, sell, charge, lien, pledge or encumber any direct or indirect equity or beneficial interest in or to Owner, or (iii) transfer, assign, convey, sell, charge, lien, pledge or encumber the Property or any portion thereof or any interest therein, without on each occasion the prior written consent of Sakab or further order of the Court.

[Signatures on following page]

IN WITNESS WHEREOF, the Owner has executed this agreement, under seal as of the 30ᵗʰ day of June, 2021.

NEW EAST (US) INC., a Delaware corporation

By: _____

Name: Jonathan Wainwright
Title:   Vice President and Treasurer

STATE OF NEW YORK
COUNTY OF NEW YORK

On this 30ᵗʰ day of June, 2021, before me, the undersigned notary public, personally
appeared JONATHAN M. WAINWRIGHT, Vice President and Treasurer of New East (US)
Inc., proved to me through satisfactory evidence of identification, which was a current driver's
license or passport, to be the person whose name is signed on the preceding or attached
document, and acknowledged to me that he/she signed it voluntarily, in such capacity, for its
stated purpose as the voluntary act and free act and deed of New East (US) Inc.

Notary Public
My commission expires: August 26, 2021

ALLISON A. OVERGAARD
Notary Public, State of New York
No. 01OV6288051
Qualified in New York County
Commission Expires August 26, 2021

Exhibit A
(Notice of Negative Pledge (New East (US) Inc.)

## Description of Property

1.  Millennium Avery Condominium, 580 Washington Street, Unit # PH 01, Boston, Suffolk County, Massachusetts, 02111, and more particularly described as follows:

> Unit # PH 01 of Millennium Avery Condominium (the "Condominium") created by Master Deed of Millennium Avery Condominium, dated as of October 7, 2013, recorded in the Suffolk County Registry of Deeds (the "Registry") on October 8, 2013 in Book 52213, Page 106, as amended by a First Amendment to Master Deed of Millennium Avery Condominium, dated as of October 7, 2013, recorded in the Registry on October 8, 2013 in Book 52213, Page 185, as the same has been amended of record in the Registry to date. Declaration of Trust of Millennium Avery Condominium Trust, dated as of October 7, 2013, recorded in the Registry on October 8, 2013 Book 52213, Page 198, as the same has been amended of record in the Registry to date.

> The Unit is conveyed together with:

> 1.  Its undivided Percentage Interest in the General Common Elements;
> 2.  Its undivided interest in the Residential Limited Common Elements as set forth herein and in Exhibit B to the Master Deed;
> 3.  Its beneficial interest in the Millennium Avery Condominium Trust established by the Declaration of Trust;
> 4.  Its appurtenant right to the Appurtenant Parking Privileges set forth above; and
> 5.  Its Appurtenant Interests as more particularly described in the Master Deed and Declaration of Trust.

> The Unit and the Condominium are subject to the provisions of Massachusetts General Laws, Chapter 183A, as the same may be amended from time to time. Capitalized terms not defined herein shall have the meanings ascribed to them in the Master Deed.

> The Condominium created by the Master Deed is a mixed use condominium consisting of 256 residential units and one (1) commercial unit. The Unit is shown on the Plans of the Condominium (the "Plans") recorded in the Registry simultaneously with and as part of the Master Deed. A verified statement of a registered architect in the form required by Massachusetts General Laws, Chapter 183A, Section 8 is affixed to the Plans.

> The Unit is conveyed subject to and with the benefit of:

4818-0608-9445, v. 2

1.  The provisions of the Master Deed, the Plans, the
    Declaration of Trust (including the by-laws therein and the Rules
    and Regulations adopted by the Board of Trustees of the
    Millennium Avery Condominium Trust and recorded at the
    Registry as Schedule 1 to the Declaration of Trust), as all of the
    same may be amended from time to time, which provisions,
    together with any amendments thereto, shall constitute covenants
    running with the land and shall bind any person having at any time
    any interest in the Unit, his or her family, invitees, servants,
    visitors, tenants and occupants, as though such provisions were
    recited and stipulated at length herein.

2.  Easements and all other matters appearing of record at the
    Registry.

3.  The Unit is intended to be used solely for residential purposes
    subject to the restrictions and provisions of the Master Deed and
    Declaration of Trust, including without limitation, the
    restrictions set forth in Section 7 of the Master Deed.

Appurtenant to the Unit is the right to park the number of automobiles specified in
that certain Parking Easement Agreement between New Commonwealth
Commercial Holding Co LLC, a Delaware limited liability company, and Grantee,
dated and recorded in the Registry of even date herewith, in the commercial
parking garage located at 6 Avery Street, Boston, Massachusetts, which constitutes
the Parking Unit of Millennium Place Commercial Condominium and which is
owned by New Commonwealth Commercial Holding Co LLC pursuant to that
certain Condominium Units Deed and Assignment of Declarant's Rights and
Obligations, dated as of May 6, 2005 and recorded in the Registry on May 10, 2005
in Book 37042, Page 83.

Percentage Interest in the General Common Elements appurtenant to Unit:
0.9492%

Residential Limited Common Percentage Interest appurtenant to Unit: 0.9618%
Appurtenant Parking Rights: The right to have two (2) automobiles parked in the
parking garage in the Building as more particularly described in the Master Deed.

Being the same premises conveyed to Owner by Unit Deed dated December 18, 2013
and recorded with the Suffolk County Registry of Deeds in Book 52488, Page 175.


2.  Millennium Avery Condominium, 580 Washington Street, Unit # 3E, Boston, Suffolk
    County, Massachusetts, 02111, and more particularly described as follows:


    Unit # 3E of Millennium Avery Condominium (the "Condominium") created by
    Master Deed of Millennium Avery Condominium, dated as of October 7, 2013,
    recorded in the Suffolk County Registry of Deeds (the "Registry") on October 8,
    2013 in Book 52213, Page 106, as amended by a First Amendment to Master
    Deed of Millennium Avery Condominium, dated as of October 7, 2013, recorded

in the Registry on October 8, 2013 in Book 52213, Page 185, as the same has been amended of record in the Registry to date. Declaration of Trust of Millennium Avery Condominium Trust, dated as of October 7, 2013, recorded in the Registry on October 8, 2013 Book 52213, Page 198, as the same has been amended of record in the Registry to date.

The Unit is conveyed together with:

1.  Its undivided Percentage Interest in the General Common Elements;
2.  Its undivided interest in the Residential Limited Common Elements as set forth herein and in Exhibit B to the Master Deed;
3.  Its beneficial interest in the Millennium Avery Condominium Trust established by the Declaration of Trust; and
4.  Its Appurtenant Interests as more particularly described in the Master Deed and Declaration of Trust.

The Unit and the Condominium are subject to the provisions of Massachusetts General Laws, Chapter 183A, as the same may be amended from time to time. Capitalized terms not defined herein shall have the meanings ascribed to them in the Master Deed.

The Condominium created by the Master Deed is a mixed use condominium consisting of 256 residential units and one (1) commercial unit. The Unit is shown on the Plans of the Condominium (the "Plans") recorded in the Registry simultaneously with and as part of the Master Deed. A verified statement of a registered architect in the form required by Massachusetts General Laws, Chapter 183A, Section 8 is affixed to the Plans.

The Unit is conveyed subject to and with the benefit of:

1.    The provisions of the Master Deed, the Plans, the Declaration of Trust (including the by-laws therein and the Rules and Regulations adopted by the Board of Trustees of the Millennium Avery Condominium Trust and recorded at the Registry as Schedule 1 to the Declaration of Trust), as all of the same may be amended from time to time, which provisions, together with any amendments thereto, shall constitute covenants running with the land and shall bind any person having at any time any interest in the Unit, his or her family, invitees, servants, visitors, tenants and occupants, as though such provisions were recited and stipulated at length herein.

2.    Easements and all other matters appearing of record at the Registry.

3.    The Unit is intended to be used solely for residential purposes subject to the restrictions and provisions of the Master Deed and Declaration of Trust, including without limitation, the restrictions set forth in Section 7 of the Master Deed.

Appurtenant to the Unit is the right to park the number of automobiles specified in that certain Parking Easement Agreement between New Commonwealth Commercial Holding Co LLC, a Delaware limited liability company, and Grantee, dated and recorded in the Registry of even date herewith, in the commercial parking garage located at 6 Avery Street, Boston, Massachusetts, which constitutes the Parking Unit of Millennium Place Commercial Condominium and which is owned by New Commonwealth Commercial Holding Co LLC pursuant to that certain Condominium Units Deed and Assignment of Declarant's Rights and Obligations, dated as of May 6, 2005 and recorded in the Registry on May 10, 2005 in Book 37042, Page 83.

Percentage Interest in the General Common Elements appurtenant to Unit: 0.2170%

Residential Limited Common Percentage Interest appurtenant to Unit: 0.2198% Appurtenant Parking Rights: See Parking Easement Agreement referenced above.

Being the same premises conveyed to Owner by Unit Deed dated December 18, 2013 and recorded with the Suffolk County Registry of Deeds in Book 52488, Page 102.

3.  Millennium Avery Condominium, 580 Washington Street, Unit # 714, Boston, Suffolk County, Massachusetts, 02111, and more particularly described as follows:

Unit # 714 of Millennium Avery Condominium (the "Condominium") created by Master Deed of Millennium Avery Condominium, dated as of October 7, 2013, recorded in the Suffolk County Registry of Deeds (the "Registry") on October 8, 2013 in Book 52213, Page 106, as amended by a First Amendment to Master Deed of Millennium Avery Condominium, dated as of October 7, 2013, recorded in the Registry on October 8, 2013 in Book 52213, Page 185, as the same has

been amended of record in the Registry to date. Declaration of Trust of Millennium Avery Condominium Trust, dated as of October 7, 2013, recorded in the Registry on October 8, 2013 Book 52213, Page 198, as the same has been amended of record in the Registry to date.

The Unit is conveyed together with:

1.   Its undivided Percentage Interest in the General Common Elements;

2.   Its undivided interest in the Residential Limited Common Elements as set forth herein and in Exhibit B to the Master Deed;

3.   Its beneficial interest in the Millennium Avery Condominium Trust established by the Declaration of Trust; and

4.   Its Appurtenant Interests as more particularly described in the Master Deed and Declaration of Trust.

The Unit and the Condominium are subject to the provisions of Massachusetts General Laws, Chapter 183A, as the same may be amended from time to time. Capitalized terms not defined herein shall have the meanings ascribed to them in the Master Deed.

The Condominium created by the Master Deed is a mixed use condominium consisting of 256 residential units and one (1) commercial unit. The Unit is shown on the Plans of the Condominium (the "Plans") recorded in the Registry simultaneously with and as part of the Master Deed. A verified statement of a registered architect in the form required by Massachusetts General Laws, Chapter 183A, Section 8 is affixed to the Plans.

The Unit is conveyed subject to and with the benefit of:

1.   The provisions of the Master Deed, the Plans, the Declaration of Trust (including the by-laws therein and the Rules and Regulations adopted by the Board of Trustees of the Millennium Avery Condominium Trust and recorded at the Registry as Schedule 1 to the Declaration of Trust), as all of the same may be amended from time to time, which provisions, together with any amendments thereto, shall constitute covenants running with the land and shall bind any person having at any time any interest in the Unit, his or her family, invitees, servants, visitors, tenants and occupants, as though such provisions were recited and stipulated at length herein.

2.   Easements and all other matters appearing of record at the Registry.

3.   The Unit is intended to be used solely for residential purposes subject to the restrictions and provisions of the Master Deed and

Declaration of Trust, including without limitation, the
restrictions set forth in Section 7 of the Master Deed.

Appurtenant to the Unit is the right to park the number of automobiles specified in
that certain Parking Easement Agreement between New Commonwealth
Commercial Holding Co LLC, a Delaware limited liability company, and
Grantee, dated and recorded in the Registry of even date herewith, in the
commercial parking garage located at 6 Avery Street, Boston, Massachusetts,
which constitutes the Parking Unit of Millennium Place Commercial
Condominium and which is owned by New Commonwealth Commercial Holding
Co LLC pursuant to that certain Condominium Units Deed and Assignment of
Declarant's Rights and Obligations, dated as of May 6, 2005 and recorded in the
Registry on May 10, 2005 in Book 37042, Page 83.

Percentage Interest in the General Common Elements appurtenant to Unit:
0.2000%

Residential Limited Common Percentage Interest appurtenant to Unit: 0.2027%

Appurtenant Parking Rights: See Parking Easement Agreement referenced above.

Being the same premises conveyed to Owner by Unit Deed dated December 18,
2013 and recorded with the Suffolk County Registry of Deeds in Book 52488, Page 121.

# Exhibit 2

NOTICE OF NEGATIVE PLEDGE

      **New East 804 805 LLC**, a Massachusetts limited liability company ("Owner"), hereby affords notice that, pursuant to a Stipulation and Agreement dated as of June 30, 2021, and filed in the United States District Court for the District of Massachusetts (the "Court"), by and among Owner, certain of its affiliates and Sakab Saudi Holding Company ("Sakab"), as the same may hereafter be amended, modified or restated, Owner has covenanted that, with respect to the several premises described on Exhibit A annexed hereto (individually and collectively, the "Property"), it will not, and will not permit any other individual, entity, association or trust to, (i) create, assume, incur, or suffer to exist any lien, mortgage, deed of trust, pledge, assignment, charge, security interest or other encumbrance of any kind (including, without limitation, any purchase and sale agreement, conditional sale agreement or other title retention agreement) on or with respect to the Property or any portion thereof or any interest therein, (ii) transfer, assign, convey, sell, charge, lien, pledge or encumber any direct or indirect equity or beneficial interest in or to Owner, or (iii) transfer, assign, convey, sell, charge, lien, pledge or encumber the Property or any portion thereof or any interest therein, without on each occasion the prior written consent of Sakab or further order of the Court.

[Signatures on following page]

30th    IN WITNESS WHEREOF, the Owner has executed this agreement, under seal as of the ___ day of June, 2021.

NEW EAST 804 805 LLC, a Massachusetts limited liability company

By: _____

Name:   Jonathan Wainwright
Title:    Manager and Authorized Signatory

STATE OF NEW YORK
COUNTY OF NEW YORK

On this 30th day of June, 2021, before me, the undersigned notary public, personally appeared JONATHAN M. WAINWRIGHT, Manager and Authorized Signatory of New East 804 805 LLC, proved to me through satisfactory evidence of identification, which was a current driver's license or passport, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily, in such capacity, for its stated purpose as the voluntary act and free act and deed of New East 804 805 LLC.

_____
Notary Public
My commission expires: August 26, 2021

ALLISON A. OVERGAARD
Notary Public, State of New York
No. 01OV6288051
Qualified in New York County
Commission Expires August 26, 2021

Exhibit A
(Notice of Negative Pledge (New East 804 805 LLC))

**Description of Property**

1.  Millennium Avery Condominium, 580 Washington Street, Unit # 804, Boston, Suffolk County, Massachusetts, 02111, and more particularly described as follows:

> Unit # 804 of Millennium Avery Condominium (the "Condominium") created by Master Deed of Millennium Avery Condominium, dated as of October 7, 2013, recorded in the Suffolk County Registry of Deeds (the "Registry") on October 8, 2013 in Book 52213, Page 106, as amended by a First Amendment to Master Deed of Millennium Avery Condominium, dated as of October 7, 2013, recorded in the Registry on October 8, 2013 in Book 52213, Page 185, as the same has been amended of record in the Registry to date. Declaration of Trust of Millennium Avery Condominium Trust, dated as of October 7, 2013, recorded in the Registry on October 8, 2013 Book 52213, Page 198, as the same has been amended of record in the Registry to date.
>
> The Unit is conveyed together with:
>
> > 1.  Its undivided Percentage Interest in the General Common Elements;
> > 2.  Its undivided interest in the Residential Limited Common Elements as set forth herein and in Exhibit B to the Master Deed;
> > 3.  Its beneficial interest in the Millennium Avery Condominium Trust established by the Declaration of Trust;
> > 4.  Its appurtenant right to the Appurtenant Parking Privileges set forth above; and
> > 5.  Its Appurtenant Interests as more particularly described in the Master Deed and Declaration of Trust.
>
> The Unit and the Condominium are subject to the provisions of Massachusetts General Laws, Chapter 183A, as the same may be amended from time to time. Capitalized terms not defined herein shall have the meanings ascribed to them in the Master Deed.
>
> The Condominium created by the Master Deed is a mixed use condominium consisting of 256 residential units and one (1) commercial unit. The Unit is shown on the Plans of the Condominium (the "Plans") recorded in the Registry simultaneously with and as part of the Master Deed. A verified statement of a registered architect in the form required by Massachusetts General Laws, Chapter 183A, Section 8 is affixed to the Plans.
>
> The Unit is conveyed subject to and with the benefit of:

1. The provisions of the Master Deed, the Plans, the Declaration of Trust (including the by-laws therein and the Rules and Regulations adopted by the Board of Trustees of the Millennium Avery Condominium Trust and recorded at the Registry as Schedule 1 to the Declaration of Trust), as all of the same may be amended from time to time, which provisions, together with any amendments thereto, shall constitute covenants running with the land and shall bind any person having at any time any interest in the Unit, his or her family, invitees, servants, visitors, tenants and occupants, as though such provisions were recited and stipulated at length herein.

2. Easements and all other matters appearing of record at the Registry.

3. The Unit is intended to be used solely for residential purposes subject to the restrictions and provisions of the Master Deed and Declaration of Trust, including without limitation, the restrictions set forth in Section 7 of the Master Deed.

Appurtenant to the Unit is the right to park the number of automobiles specified in that certain Parking Easement Agreement between New Commonwealth Commercial Holding Co LLC, a Delaware limited liability company, and Grantee, dated and recorded in the Registry of even date herewith, in the commercial parking garage located at 6 Avery Street, Boston, Massachusetts, which constitutes the Parking Unit of Millennium Place Commercial Condominium and which is owned by New Commonwealth Commercial Holding Co LLC pursuant to that certain Condominium Units Deed and Assignment of Declarant's Rights and Obligations, dated as of May 6, 2005 and recorded in the Registry on May 10, 2005 in Book 37042, Page 83.

Percentage Interest in the General Common Elements appurtenant to Unit: 0.2356%

Residential Limited Common Percentage Interest appurtenant to Unit: 0.2387%

Appurtenant Parking Rights: See Parking Easement Agreement referenced above.

Being the same premises conveyed to Owner by Unit Deed dated December 18, 2013 and recorded with the Suffolk County Registry of Deeds in Book 52488, Page 141.

2. Millennium Avery Condominium, 580 Washington Street, Unit # 805, Boston, Suffolk County, Massachusetts, 02111, and more particularly described as follows:

Unit # 805 of Millennium Avery Condominium (the "Condominium") created by Master Deed of Millennium Avery Condominium, dated as of October 7, 2013, recorded in the Suffolk County Registry of Deeds (the "Registry") on October 8, 2013 in Book 52213, Page 106, as amended by a First Amendment to Master

Deed of Millennium Avery Condominium, dated as of October 7, 2013, recorded in the Registry on October 8, 2013 in Book 52213, Page 185, as the same has been amended of record in the Registry to date. Declaration of Trust of Millennium Avery Condominium Trust, dated as of October 7, 2013, recorded in the Registry on October 8, 2013 Book 52213, Page 198, as the same has been amended of record in the Registry to date.

The Unit is conveyed together with:

1.   Its undivided Percentage Interest in the General Common Elements;
2.   Its undivided interest in the Residential Limited Common Elements as set forth herein and in Exhibit B to the Master Deed;
3.   Its beneficial interest in the Millennium Avery Condominium Trust established by the Declaration of Trust; and
4.   Its Appurtenant Interests as more particularly described in the Master Deed and Declaration of Trust.

The Unit and the Condominium are subject to the provisions of Massachusetts General Laws, Chapter 183A, as the same may be amended from time to time. Capitalized terms not defined herein shall have the meanings ascribed to them in the Master Deed.

The Condominium created by the Master Deed is a mixed use condominium consisting of 256 residential units and one (1) commercial unit. The Unit is shown on the Plans of the Condominium (the "Plans") recorded in the Registry simultaneously with and as part of the Master Deed. A verified statement of a registered architect in the form required by Massachusetts General Laws, Chapter 183A, Section 8 is affixed to the Plans.

The Unit is conveyed subject to and with the benefit of:

1.   The provisions of the Master Deed, the Plans, the Declaration of Trust (including the by-laws therein and the Rules and Regulations adopted by the Board of Trustees of the Millennium Avery Condominium Trust and recorded at the Registry as Schedule 1 to the Declaration of Trust), as all of the same may be amended from time to time, which provisions, together with any amendments thereto, shall constitute covenants running with the land and shall bind any person having at any time any interest in the Unit, his or her family, invitees, servants, visitors, tenants and occupants, as though such provisions were recited and stipulated at length herein.
2.   Easements and all other matters appearing of record at the Registry.

3.      The Unit is intended to be used solely for residential purposes
subject to the restrictions and provisions of the Master Deed and
Declaration of Trust, including without limitation, the
restrictions set forth in Section 7 of the Master Deed.

Appurtenant to the Unit is the right to park the number of automobiles specified in
that certain Parking Easement Agreement between New Commonwealth
Commercial Holding Co LLC, a Delaware limited liability company, and Grantee,
dated and recorded in the Registry of even date herewith, in the commercial
parking garage located at 6 Avery Street, Boston, Massachusetts, which constitutes
the Parking Unit of Millennium Place Commercial Condominium and which is
owned by New Commonwealth Commercial Holding Co LLC pursuant to that
certain Condominium Units Deed and Assignment of Declarant's Rights and
Obligations, dated as of May 6, 2005 and recorded in the Registry on May 10, 2005
in Book 37042, Page 83.

Percentage Interest in the General Common Elements appurtenant to Unit:
0.3458%

Residential Limited Common Percentage Interest appurtenant to Unit: 0.3504%

Appurtenant Parking Rights: See Parking Easement Agreement referenced above.

Being the same premises conveyed to Owner by Unit Deed dated December 18, 2013 and
recorded with the Suffolk County Registry of Deeds in Book 52488, Page 158.

# Exhibit 3

## NOTICE OF NEGATIVE PLEDGE

**New East Back Bay LLC**, a Massachusetts limited liability company ("Owner"), hereby affords notice that, pursuant to a Stipulation and Agreement dated as of June 30, 2021, and filed in the United States District Court for the District of Massachusetts (the "Court"), by and among Owner, certain of its affiliates and Sakab Saudi Holding Company ("Sakab"), as the same may hereafter be amended, modified or restated, Owner has covenanted that, with respect to the several premises described on Exhibit A annexed hereto (individually and collectively, the "Property"), it will not, and will not permit any other individual, entity, association or trust to, (i) create, assume, incur, or suffer to exist any lien, mortgage, deed of trust, pledge, assignment, charge, security interest or other encumbrance of any kind (including, without limitation, any purchase and sale agreement, conditional sale agreement or other title retention agreement) on or with respect to the Property or any portion thereof or any interest therein, (ii) transfer, assign, convey, sell, charge, lien, pledge or encumber any direct or indirect equity or beneficial interest in or to Owner, or (iii) transfer, assign, convey, sell, charge, lien, pledge or encumber the Property or any portion thereof or any interest therein, without on each occasion the prior written consent of Sakab or further order of the Court.

[Signatures on following page]

**30th** IN WITNESS WHEREOF, the Owner has executed this agreement, under seal as of the ___ day of June, 2021.

NEW EAST BACK BAY LLC, a Massachusetts
limited liability company

By: _____
Name:  Jonathan Wainwright
Title:  Manager and Authorized Signatory

STATE OF NEW YORK
COUNTY OF NEW YORK

On this 30th day of June, 2021, before me, the undersigned notary public, personally appeared JONATHAN M. WAINWRIGHT, Manager and Authorized Signatory of New East Back Bay LLC, proved to me through satisfactory evidence of identification, which was a current driver's license or passport, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily, in such capacity, for its stated purpose as the voluntary act and free act and deed of New East Back Bay LLC.

Notary Public
My commission expires: August 26, 2021

ALLISON A. OVERGAARD
Notary Public, State of New York
No. 01OV6288051
Qualified in New York County
Commission Expires August 26, 2021

Exhibit A
(Notice of Negative Pledge (New East Back Bay LLC))

**Description of Property**

1. The 776 Boylston Residences Secondary Condominium, 776 Boylston Street, Unit No. W10-C, Boston, MA 02199, and more particularly described as follows:

   Unit No. W 10-C of The 776 Boylston Residences Secondary Condominium created by Master Deed dated August 5, 2008 and recorded on August 8, 2008 in the Suffolk County Registry of Deeds in Book 43904, Page 58, as amended.

   The unit is shown on the floor plan recorded with the Master Deed, to which is affixed a verified statement in the form provided by G.L. c. 183A s.8, and is conveyed subject to and with the benefit of the obligations, restrictions, rights and liabilities contained in G.L.c. 183A, the Master Deed, and the Declaration of Trust, as amended.

   Each of the units in the Condominium is intended for residential purposes and such other uses as are set forth in the Master Deed, as amended.

   The unit is also conveyed with the right and easement to the exclusive use of parking spaces G13 and G18-V and storage space P300-S as set forth in the Master Deed and shown on the plans recorded with the Master Deed, as amended of record.

   Undivided percentage interest of the unit in the common areas and facilities: 1.5590%.

   Being the same premises conveyed to Owner by Residential Condominium Unit Deed dated April 10, 2017 and recorded with the Suffolk County Registry of Deeds in Book 57877, Page 302.

2. Private Residences at One Dalton Condominium, One Dalton Street, Unit No. 5202, Boston, MA 02115, and more particularly described as follows:

   Unit No. 5202 of the Private Residences at One Dalton Condominium (the "Condominium"), created by Master Deed dated May 9, 2019 (the "Master Deed") and recorded with the Suffolk County Registry of Deeds (the "Registry of Deeds") on May 9, 2019 in Book 61087, Page 117 and shown on a plan recorded in said Registry of Deeds therewith, said Condominium being a secondary condominium within the One Dalton Primary Condominium (the "Primary Condominium"), created by Master Deed dated May 9, 2019 (the "Primary Master Deed") and recorded with the Registry of Deeds on May 9, 2019 in Book 61086, Page 190. The organization of unit owners of the Primary Condominium is governed by the By-Laws of the Primary Condominium (the "Primary By-Laws") dated May 9, 2019 and recorded with the Registry of Deeds on May 9, 2019 in Book 61086, Page 240.

The unit is shown on the floor plans recorded with the Master Deed, to which is affixed a verified statement in the form provided by G.L. c. 183A, § 8, and is conveyed subject to and with the benefit of the obligations, restrictions, rights and liabilities contained in G.L. c. 183A, the Primary Master Deed, the Primary By-Laws, the Master Deed, and the By-Laws of the Condominium dated May 9, 2019 and recorded with the Registry of Deeds on May 9, 2019 in Book 61087, Page 181.

The Unit is conveyed together with the right and easement to have two (2) vehicles valet parked in the "Parking Garages" (as defined in the Master Deed) as shown on the plans filed with the Primary Master Deed in the Parking Garages (as defined in the Master Deed), pursuant and subject to that certain Primary Residential Unit Restated Parking Easement Agreement dated May 9, 2019 and recorded with the Registry of Deeds in Book 61087, Page 49, between Seller and the Trustees of Church Realty Trust.

The Unit is conveyed together with the exclusive right and easement to use Storage Area No. S-128 on Level B-1 in the Residential Storage Area (as defined in the Master Deed) as set forth in the Master Deed and as designated and shown on the plans recorded therewith.

Each of the units in the Condominium is intended for residential purposes and such other uses as are set forth in the Master Deed.

Undivided percentage interest of the unit in the common areas and facilities of the Condominium and in the association of unit owners of the Condominium: 0.87608%.

Being the same premises conveyed to Owner by Residential Condominium Unit Deed dated September 10, 2019 and recorded with the Suffolk County Registry of Deeds in Book 62394, Page 220.

3. Private Residences at One Dalton Condominium, One Dalton Street, Unit No. 5203, Boston, MA 02115, and more particularly described as follows:

Unit No. 5203 of the Private Residences at One Dalton Condominium (the "Condominium"), created by Master Deed dated May 9, 2019 (the "Master Deed") and recorded with the Suffolk County Registry of Deeds (the "Registry of Deeds") on May 9, 2019 in Book 61087, Page 117 and shown on a plan recorded in said Registry of Deeds therewith, said Condominium being a secondary condominium within the One Dalton Primary Condominium (the "Primary Condominium"), created by Master Deed dated May 9, 2019 (the "Primary Master Deed") and recorded with the Registry of Deeds on May 9, 2019 in Book 61086, Page 190. The organization of unit owners of the Primary Condominium is governed by the By-Laws of the Primary Condominium (the "Primary By-Laws") dated May 9, 2019 and recorded with the Registry of Deeds on May 9, 2019 in Book 61086, Page 240.

The unit is shown on the floor plans recorded with the Master Deed, to which is affixed a verified statement in the form provided by G.L. c. 183A, § 8, and is conveyed subject to and with the benefit of the obligations, restrictions, rights and liabilities contained in G.L. c. 183A, the Primary Master Deed, the Primary By-Laws, the Master Deed, and the By-Laws of the Condominium dated May 9, 2019 and recorded with the Registry of Deeds on May 9, 2019 in Book 61087, Page 181.

The Unit is conveyed together with the right and easement to have one vehicle valet parked in the "Parking Garages" (as defined in the Master Deed) as shown on the plans filed with the Primary Master Deed in the Parking Garages (as defined in the Master Deed), pursuant and subject to that certain Primary Residential Unit Restated Parking Easement Agreement dated May 9, 2019 and recorded with the Registry of Deeds in Book 61087, Page 49, between Seller and the Trustees of Church Realty Trust.

Each of the units in the Condominium is intended for residential purposes and such other uses as are set forth in the Master Deed.

Undivided percentage interest of the unit in the common areas and facilities of the Condominium and in the association of unit owners of the Condominium: 0.36441%.

Being the same premises conveyed to Owner by Residential Condominium Unit Deed dated September 10, 2019 and recorded with the Suffolk County Registry of Deeds in Book 62394, Page 339.

# Exhibit 4

## DISCHARGE AND RELEASE OF NOTICE OF NEGATIVE PLEDGE

Sakab Saudi Holding Company, holder of a Notice of Negative Pledge given by New East (US) Inc., a Delaware corporation to it, dated as of June ___, 2021 and recorded with the Suffolk County Registry of Deeds in Book _____, Page _____ (the "Negative Pledge"), hereby acknowledges satisfaction of all terms and conditions of the Negative Pledge and hereby discharges and releases the same.

EXECUTED as a sealed instrument this ____ day of _____, 202___.

SAKAB SAUDI HOLDING COMPANY

By: _____
       Abdulaziz Alnowaiser
       General Manager

STATE OF _____

_____ County, ss.

On this ___ day of _____, 202__, before me, the undersigned Notary Public, personally appeared Abdulaziz Alnowaiser, proved to me through satisfactory identification, which were: ☐ photographic identification issued by a federal or state governmental agency or ☐ personal knowledge of the undersigned, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose as the duly authorized General Manager of Sakab Saudi Holding Company.

_____
Notary Public
My Commission Expires:

# Exhibit 5

## DISCHARGE AND RELEASE OF NOTICE OF NEGATIVE PLEDGE

Sakab Saudi Holding Company, holder of a Notice of Negative Pledge given by New East 804 805 LLC, a Massachusetts limited liability company, to it, dated as of June ___, 2021 and recorded with the Suffolk County Registry of Deeds in Book _____, Page _____ (the "Negative Pledge"), hereby acknowledges satisfaction of all terms and conditions of the Negative Pledge and hereby discharges and releases the same.

EXECUTED as a sealed instrument this ____ day of _____, 202___.

SAKAB SAUDI HOLDING COMPANY

By: _____
        Abdulaziz Alnowaiser
        General Manager

STATE OF _____

_____ County, ss.

On this ___ day of _____, 202__, before me, the undersigned Notary Public, personally appeared Abdulaziz Alnowaiser, proved to me through satisfactory identification, which were: ☐ photographic identification issued by a federal or state governmental agency or ☐ personal knowledge of the undersigned, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose as the duly authorized General Manager of Sakab Saudi Holding Company.


_____
Notary Public
My Commission Expires:

# Exhibit 6

<u>DISCHARGE AND RELEASE OF NOTICE OF NEGATIVE PLEDGE</u>

      Sakab Saudi Holding Company, holder of a Notice of Negative Pledge given by New East Back Bay LLC, a Massachusetts limited liability company to it, dated as of June ___, 2021 and recorded with the Suffolk County Registry of Deeds in Book _____, Page _____ (the "<u>Negative Pledge</u>"), hereby acknowledges satisfaction of all terms and conditions of the Negative Pledge and hereby discharges and releases the same.

      EXECUTED as a sealed instrument this _____ day of _____, 202___.


SAKAB SAUDI HOLDING COMPANY


By: _____
       Abdulaziz Alnowaiser
       General Manager

STATE OF _____

_____ County, ss.

On this ___ day of _____, 202__, before me, the undersigned Notary Public, personally appeared Abdulaziz Alnowaiser, proved to me through satisfactory identification, which were: ☐ photographic identification issued by a federal or state governmental agency or ☐ personal knowledge of the undersigned, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he/she signed it voluntarily for its stated purpose as the duly authorized General Manager of Sakab Saudi Holding Company.


_____
Notary Public
My Commission Expires:

## **Certificate of Service**

I certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 30, 2021.


     /s/ Samuel W. Salyer
Samuel W. Salyer