IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SAKAB SAUDI HOLDING COMPANY,

Plaintiff,

v.

SAAD KHALID S AL JABRI, *et al.*,

Defendants.

Case No. 21-cv-10529-NMG

**UNITED STATES' MOTION TO INTERVENE AND MOTION FOR STAY OF BRIEFING ON MOTION TO REMAND**

**TABLE OF CONTENTS**

BACKGROUND .................................................................................................................... 2

ARGUMENT ........................................................................................................................ 3

   I.   THE UNITED STATES IS ENTITLED TO INTERVENE AS OF RIGHT. ..................... 3

      A.   The United States' Motion to Intervene is Timely. ............................................. 4

      B.   The United States Possesses a Substantial Legal Interest in This Litigation. ................. 6

      C.   The United States' Ability to Protect Its Interests Will Be Impaired Absent Intervention. ........................................................................................... 7

      D.   The Existing Parties Cannot Adequately Represent the Government's Interests. ........... 8

   II.   THE COURT SHOULD STAY BRIEFING ON THE MOTION TO REMAND. .............. 9

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Aptheker v. Sec'y of State*,
  378 U.S. 500 (1964) .................................................................................................. 6

*B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc.*,
  440 F.3d 541 (1st Cir. 2006) .................................................................................... 7

*Bank of Am., N.A. v. WRT Realty, L.P.*,
  769 F. Supp. 2d 36 (D. Mass. 2011) ........................................................................ 9

*Daggett v. Comm'n on Governmental Ethics & Election Practices*,
  172 F.3d 104 (1st Cir. 1999) .................................................................................... 7

*Dep't of Navy v. Egan*,
  484 U.S. 518 (1988) .............................................................................................. 6, 8

*Fitzgerald v. Penthouse Int'l Ltd.*,
  776 F.2d 1236 (4th Cir. 1985) .................................................................................. 7

*Geiger v. Foley Hoag LLP Ret. Plan*,
  521 F.3d 60 (1st Cir. 2008) ...................................................................................... 4

*Haig v. Agee*,
  453 U.S. 280 (1981) .................................................................................................. 6

*In re Nat'l Sec. Agency Telecomms. Recs. Litig.*,
  483 F. Supp. 2d 934 (N.D. Cal. 2007) ..................................................................... 9

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) .................................................................................................. 9

*Littlefield v. U.S. Dep't of Interior*,
  318 F.R.D. 558 (D. Mass. 2016) .............................................................................. 5

*Mohamed v. Jeppesen Dataplan, Inc.*,
  539 F. Supp. 2d 1128 (N.D. Cal. 2008), *aff'd en banc*, 614 F.3d 1070
  (9th Cir. 2010) ..................................................................................................... 5, 8

*Mohamed v. Jeppesen Dataplan, Inc.*,
  614 F.3d 1070 (9th Cir. 2010) .................................................................................. 7

*Negron-Almeda v. Santiago*,
  528 F.3d 15 (1st Cir. 2008) .................................................................................................. 4, 6

*Restis v. Am. Coal. Against Nuclear Iran, Inc.*,
  No. 13 Civ. 5032(ER), 2015 WL 1344479 (S.D.N.Y. Mar. 23, 2015) ................................... 5, 7

*Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*,
  807 F.3d 472 (1st Cir. 2015) ............................................................................................. 3, 4, 8

*Trbovich v. United Mine Workers of Am.*,
  404 U.S. 528 (1972) ................................................................................................................ 8

*United States v. Reynolds,*
  345 U.S. 1 (1953) .................................................................................................................... 8

**Statutes**

28 U.S.C. § 1442 ............................................................................................................................ 9

**Rules**

Federal Rule of Civil Procedure 24 ......................................................................................... 1, 3

**Executive Orders**

Exec. Order No. 13,526, 75 Fed. Reg. 707 (Jan. 5, 2010) ............................................................ 7

The United States respectfully submits this motion seeking to intervene under Federal Rule of Civil Procedure 24 for the purpose of protecting compelling interests implicated by this litigation, including with respect to classified national security information at risk of disclosure.

As discussed in two prior filings before this Court, the United States understands that Defendants intend to describe and present evidence regarding alleged sensitive national security information in their defense against Plaintiff's claims, including in their response to Plaintiff's motion to remand pending before this Court. As a result, the Government has been engaged in an extensive decision-making process regarding the actions, if any, it would seek to take with respect to this litigation. In a Statement of Interest filed on May 26, 2021, the United States supported Defendants' request to extend their deadline to respond to the remand motion to August 10, 2021, and the Government further indicated that it would advise this Court how it seeks to proceed in this matter by August 3, 2021.

The United States has now determined to seek intervention in this action in order to protect its unique interests, which cannot be represented by any other party. In particular, the United States possesses a substantial interest in this litigation because of the risk that further proceedings, including Defendants' response to the motion to remand, will involve the disclosure of information that could reasonably be expected to damage the national security of the United States. As set forth below, the United States satisfies each of the factors prescribed by Rule 24(a)(2), and the Government's intervention as of right should be granted.

The United States also moves for a stay of further briefing on Plaintiff's motion to remand pending adjudication of the instant motion to intervene. As explained below, the United States' admission as a party to this litigation independently would provide the Court with a basis for federal jurisdiction at this time. Resolution of the United States' motion to intervene would

thus either dispose of, or at least bear substantially on, the pending question of remand. A stay of briefing on the motion to remand is also warranted where, as noted, Defendants have indicated that their response to that motion would disclose information allegedly implicating the United States' national security and foreign policy interests.

Additionally, the United States has been diligently deliberating to determine what further actions it may take in this litigation to protect its interests, including potentially asserting the state secrets privilege. A stay of briefing on the motion to remand is thus also warranted to allow the Court to first resolve this motion to intervene, and then to consider further actions taken by the Government, before any disclosures by Defendants that could harm national security. The United States anticipates that a decision would be made on any assertion of privilege by the time this motion is resolved, and in no event later than August 27, 2021. In the meantime, as set forth further below, the United States requests that the Court grant its motion to intervene and stay proceedings on the pending remand motion.

Undersigned counsel conferred with the parties regarding the relief requested in this motion. As to intervention, Defendants consent and Plaintiff opposes. As to the stay, Defendants consent and Plaintiff consents on the condition that briefing on the motion to remand resume seven days after disposition of the motion to intervene. Accordingly, all parties agree that briefing on the motion to remand should be stayed at this time.

## BACKGROUND

Plaintiff in this action is the Sakab Saudi Holding Company, an entity established by the Kingdom of Saudi Arabia for the purpose of performing anti-terrorism activities, funded by the Kingdom's Ministry of Finance. *See* Compl. ¶ 17, ECF No. 1-1. The individual Defendants include Dr. Saad Khalid S Aljabri, a former official of the Kingdom of Saudi Arabia, and two of

his sons. *See id.* ¶¶ 25, 29, 31. Plaintiff claims that Defendants defrauded Sakab through various prior dealings, and filed this lawsuit in Massachusetts state court on March 24, 2021, seeking relief as to certain assets located in this state in connection with an order issued by a court in Ontario, Canada. *See id.* ¶ 1. Shortly thereafter, on March 29, 2021, Defendants removed the matter to this Court, at which time the United States became aware of the litigation. Notice of Removal, ECF No. 1. Plaintiff has since filed a motion to remand the matter to state court. ECF No. 17. In their notice of removal, Defendants assert that this suit "implicates serious federal interests and issues" regarding alleged national security activities of the United States Government. Notice of Removal ¶ 8.

The Court has previously twice granted consent motions to extend Defendants' deadline to respond to Plaintiffs' motion to remand. ECF Nos. 31, 37. Each motion followed and was based on filings by the United States, which explained that the Government is currently considering whether and how to participate in this action, including if necessary and applicable, through an assertion of appropriate governmental privileges. ECF Nos. 27, 33.

Since the United States' last filing May 26, 2021, the United States' deliberations have advanced substantially and relevant officials at multiple Executive agencies and departments have personally considered the issues raised by this litigation. The Government has assessed that it has a substantial interest in further proceedings and accordingly takes action now to ensure the protection of that interest.

## ARGUMENT

### I.  THE UNITED STATES IS ENTITLED TO INTERVENE AS OF RIGHT.

Federal Rule of Civil Procedure 24(a)(2) sets forth the criteria that a proposed intervenor must satisfy in order to intervene as of right. This rule "requires intervenors to demonstrate that

(1) their motion is timely; (2) they have an interest related to the property or transaction that forms the foundation of the ongoing action; (3) the disposition of the action threatens to impair or impede their ability to protect their interest; and (4) no existing party adequately represents their interest." *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 807 F.3d 472, 474 (1st Cir. 2015).

The United States is entitled to intervene in this matter because it satisfies each element of the First Circuit's test for intervention as of right under Rule 24(a)(2).

### A.     The United States' Motion to Intervene is Timely.

In determining the timeliness of an application for intervention of right, the First Circuit considers at least four factors: (1) the stage of the litigation at the time intervention is sought; (2) the foreseeable prejudice to the existing parties if intervention is granted, or to the intervenor if it is denied; (3) the length of time the intervenor knew its interest was imperiled and (4) any "idiosyncratic circumstances" which weigh for or against intervention. *Geiger v. Foley Hoag LLP Ret. Plan*, 521 F.3d 60, 64–65 (1st Cir. 2008). Although these factors "serve to structure and guide" the timeliness analysis, whether a motion to intervene is timely should ultimately be judged "on the totality of the circumstances." *Negron-Almeda v. Santiago*, 528 F.3d 15, 22 (1st Cir. 2008). Here, each of the timeliness factors, and thus the totality of the circumstances, weighs in favor of the Government's intervention in this action.

First, this litigation is still at an early stage. Defendants have not yet answered the complaint, and discovery has not yet commenced. "In the absence of any discovery or substantive legal progress," the First Circuit holds that this factor weighs in favor of a finding that intervention is timely. *See Geiger*, 521 F.3d at 64–65 (explaining that this factor only warrants heightened scrutiny where litigation is at an "advanced stage").

Second, the prejudice to the parties if intervention is granted will be limited, while the harm to the United States if it is denied is substantial. As to the interests of the current parties, this litigation has not advanced even to the filing of an answer, and the United States seeks to intervene only for the purpose of ensuring that further litigation does not harm its significant interests through the disclosure of classified national security information. That is far from the types of delay and disruption necessary to conclude that this factor weighs against a timeliness finding. *See Littlefield v. U.S. Dep't of Interior*, 318 F.R.D. 558, 559–60 & n.2 (D. Mass. 2016) (finding intervention was not prejudicial and contrasting with cases where intervention would delay trial or disturb a previously negotiated settlement). On the other hand, the United States has a weighty interest in intervening where it is necessary to prevent harm to its national security and foreign policy interests. *See, e.g.*, *Mohamed v. Jeppesen Dataplan, Inc.*, 539 F. Supp. 2d 1128, 1133 (N.D. Cal. 2008), *aff'd en banc*, 614 F.3d 1070 (9th Cir. 2010) (citing the United States' "important interest" in the information over which it sought to protect as a ground for granting intervention as of right).

Third, while the Government has known of its interest in this litigation since the case was removed to this court, it has not sat idly on the sidelines. Indeed, the Government notified the Court of its potential interest in the matter on April 26, 2021, *see* ECF No. 27, less than a month after this case was removed to this Court and the United States learned of it. The United States has since been engaged in a rigorous decision-making process to assess its interest in these proceedings. Under these circumstances, the Government's request to intervene is timely. *See Mohamed*, 539 F. Supp. 2d at 1133 (finding an intervention motion timely where, as here, it "was earlier preceded by a Statement of Interest, informing the Court that the United States was considering whether to intervene"); *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, No. 13 Civ.

5

5032(ER), 2015 WL 1344479, at *2 (S.D.N.Y. Mar. 23, 2015) (noting that the Court granted the United States' motion to intervene to protect national security information well over a year after the lawsuit was filed).

Fourth, this case presents unusual circumstances militating in favor of intervention. The United States seeks to protect compelling national security and foreign policy interests. "It is 'obvious and unarguable' that no governmental interest is more compelling than the security of the Nation." *Haig v. Agee*, 453 U.S. 280, 307–09 (1981) (quoting *Aptheker v. Sec'y of State*, 378 U.S. 500, 509 (1964)). Accordingly, the United States' intervention request presents the sort of unusual circumstance that should conclusively tip the scales toward finding this intervention timely. The Government's need to protect national security and foreign policy interests, including by preventing the disclosure of classified national security information, would therefore justify intervention even if one or more of the other, non-dispositive factors would render a run-of-the-mill request for intervention untimely.

### B. The United States Possesses a Substantial Legal Interest in This Litigation.

The United States has also "demonstrated a sufficient stake" in these proceedings to meet the second element of Rule 24(a)(2)'s test. *See Negron-Almeda*, 528 F.3d at 22. The Government has an undeniable interest in protecting national security and national security information. The Supreme Court has explained that the "authority to classify and control access to information bearing on national security" is an aspect of executive power that "flows primarily from th[e] constitutional investment of power in the President and exists quite apart from any explicit congressional grant." *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988). The United States therefore has a clear interest, rooted in the Constitution, with respect to any effort by private parties to use and disclose classified information, including in litigation such as this.

6

Consistent with the First Circuit's rejection of a "narrow reading" of Rule 24(a)(2)'s interest requirement, *see Daggett v. Comm'n on Governmental Ethics & Election Practices*, 172 F.3d 104, 110 (1st Cir. 1999), this Court should conclude the United States' interest is more than adequate to intervene here.[1]

      **C.    The United States' Ability to Protect Its Interests Will Be Impaired Absent Intervention.**

The United States also will be unable to protect its interests unless permitted to intervene. Defendants contend that information regarding alleged national security activities by the United States Government is relevant to further proceedings in this matter. *See* Notice of Removal ¶ 8 (asserting that Plaintiff's claims are "inextricably linked to Sakab's sensitive operations, and an examination of Sakab's finances necessarily requires examining those operations," including alleged "covert counterterrorism operations in partnership with the United States Government"). Although the United States can neither confirm nor deny allegations regarding classified national security activities, any disclosure of information that would damage the national security of the United States would impair its interests. *Cf.* Exec. Order No. 13,526 § 1.2(a), 75 Fed. Reg. 707, 707–08 (Jan. 5, 2010) (providing that, by definition, the unauthorized disclosure of classified information would damage national security). The risk of such harm to the United States' national security interests in the absence of its intervention satisfies the third element of the First Circuit's intervention test, which asks only whether the proposed intervenor's interests "as a practical matter, *may* be impaired by the litigation." *See B. Fernandez & Hnos., Inc. v. Kellogg*

---

[1] In addition, where the United States determines that a formal assertion of privilege is necessary to protect its interest, courts have regularly permitted the Government to intervene in cases where it was not previously a party to protect such interests. *See, e.g.*, *Mohamed v. Jeppesen Dataplan, Inc.*, 614 F.3d 1070 (9th Cir. 2010); *Fitzgerald v. Penthouse Int'l Ltd.*, 776 F.2d 1236 (4th Cir. 1985); *Restis*, 2015 WL 1344479. The United States expects to complete deliberations on whether to take that action shortly, but it presently has a sufficient interest in preventing harm to national security through threatened disclosure by the Defendants for purposes of intervention.

*USA, Inc.*, 440 F.3d 541, 545 (1st Cir. 2006) (emphasis added); *see also Mohamed*, 539 F. Supp. 2d at 1133 (finding that United States had an "important interest" in protecting national security information that could be harmed if not allowed to intervene).

      **D.**     **The Existing Parties Cannot Adequately Represent the Government's Interests.**

Finally, none of the existing parties can adequately represent the Government's interests in the confidentiality of classified information. The "burden of establishing inadequate representation 'should be treated as minimal' and can be satisfied by showing 'that representation of the interest *may* be inadequate.'" *Students for Fair Admissions*, 807 F.3d at 475 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). Only the United States has the authority to designate and protect classified information. *See, e.g.*, *Egan*, 484 U.S. at 527–30 (stating that the "authority to protect" national security information "falls on the President as head of the Executive Branch and as Commander in Chief"); *cf. United States v. Reynolds,* 345 U.S. 1, 7 (1953) ("The [state secrets] privilege belongs to the Government and must be asserted by it; it can neither be claimed nor waived by a private party."). Thus, no other party is in a position to adequately represent the United States' interests in the protection of any classified information. Moreover, the parties who are currently litigating this action have materially different interests than the United States. Defendants have represented that alleged sensitive information *must* be disclosed in order to litigate this case. *See* Notice of Removal ¶ 8. And although Plaintiff argues that such information is irrelevant and should not play a role in this litigation, ECF No. 18 at 4, an entity of a foreign government also plainly cannot claim to represent the United States' substantial interests in this case. The United States has accordingly met its "minimal" burden to show that its interests are not adequately represented by the parties.

## II.  THE COURT SHOULD STAY BRIEFING ON THE MOTION TO REMAND.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with the economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts should "balanc[e] the interests of the parties and the Court" in determining whether to issue a stay. *Bank of Am., N.A. v. WRT Realty, L.P.*, 769 F. Supp. 2d 36, 39 (D. Mass. 2011). "A stay is appropriate where it is likely to conserve judicial and party time, resources, and energy." *Id.* at 39–40 (citation omitted). Additionally, "[e]specially in cases of extraordinary public moment," the opposing party "may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

A short stay of further briefing and consideration of Plaintiff's motion to remand pending adjudication of the instant motion to intervene is warranted under these standards for at least two reasons. First, the United States' admission as a party to these proceedings would bear substantially on the arguments regarding the motion to remand. Indeed, if the United States becomes a party to this case, remand should be denied because it would be futile, as the United States may remove any action from state court to which it is a party. *See* 28 U.S.C. § 1442(a)(1); *In re Nat'l Sec. Agency Telecomms. Recs. Litig.*, 483 F. Supp. 2d 934, 943 (N.D. Cal. 2007) (citing authority that courts regularly permit third-party defendants to remove under § 1442(a)(1) and, accordingly, denying motion to remand as futile where United States could intervene in state court and remove action to federal court in order to protect national security information through state secrets privilege).

Second, a stay of further briefing pending a decision on the motion to intervene is also

warranted where further briefing in the United States' absence could impair the very interests the United States is intervening to protect. In light of that posture and of the fact that Defendants have indicated they intend to reveal information in opposing remand allegedly implicating the Government's interests, a short stay of briefing pending resolution of this intervention motion is appropriate.

As noted, the United States is in the final stages of its decision-making process regarding additional actions it may take to protect its interests in this litigation, including possibly asserting the state secrets privilege. The Government anticipates deciding on any further substantive action to protect its interests by August 27, 2021. In the meantime, the United States requests that the Court grant its motion to intervene and stay proceedings on the pending remand motion.

## CONCLUSION

For the foregoing reasons, the United States is entitled to intervene in this litigation under Rule 24(a) and its motion for intervention should therefore be granted. Additionally, a brief stay of further proceedings on Plaintiff's motion to remand is warranted under the circumstances.

Dated: August 3, 2021                    Respectfully submitted,

                                         BRIAN M. BOYNTON
                                         Acting Assistant Attorney General, Civil Division

                                         ANTHONY J. COPPOLINO
                                         Deputy Director, Federal Programs Branch

                                         */s/ James Powers*
                                         JAMES R. POWERS (TX Bar No. 24092989)
                                         Trial Attorney
                                         Federal Programs Branch
                                         U.S. Department of Justice, Civil Division
                                         1100 L Street, NW
                                         Washington, DC 20005
                                         Telephone: (202) 353-0543
                                         Email: james.r.powers@usdoj.gov
                                         *Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

/s/ *James Powers*
JAMES POWERS