UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAKAB SAUDI HOLDING COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>SAAD KHALID S AL JABRI,<br>KHALID SAAD KHALID AL JABRI,<br>MOHAMMED SAAD KH AL JABRI,<br>NEW EAST (US) INC.,<br>NEW EAST 804 805 LLC,<br>NEW EAST BACK BAY LLC,<br><br>        Defendants. | **Case No. 1:21-cv-10529-NMG** |

**PLAINTIFF SAKAB SAUDI HOLDING COMPANY'S RESPONSE TO MOTION FOR A PROTECTIVE ORDER BY INTERVENOR UNITED STATES TO EXCLUDE INFORMATION PURSUANT TO THE STATE SECRETS AND RELATED STATUTORY PROVISIONS**

Plaintiff Sakab Saudi Holding Company ("Sakab") maintains its opposition to the United States' Motion to Intervene and Motion for Stay of Briefing on Motion to Remand. (ECF No. 40.) However, should the Court grant the United States' Intervention Motion, Sakab has no objection to the Court entering the United States' protective order subject to modifications agreed on by Sakab, the United States and Defendants.

## DISCUSSION

On August 3, 2021, the United States filed its motion to intervene in this matter for the purpose of protecting the government's potential interest in asserting the state secrets privilege. On August 17, 2021, Sakab opposed the motion to intervene on grounds that there is no basis for sensitive national security information to be introduced in this case due to the limited nature of the relief sought. (ECF No. 45.) On August 27, 2021, the United States filed a motion for a protective order to exclude information pursuant to the state secrets and related statutory provisions. (ECF No. 47.) On September 9, 2021, the parties filed a joint motion for an extension of time to respond to the United States' motion for a protective order (ECF No. 49), which the Court granted on September 10, 2021 (ECF No. 50).

The concerns the United States has expressed regarding the disclosure of information with national security implications are not present in this case. Sakab has no desire or intent to inject into this action any issue conceivably having national security implications, nor will there be any occasion to do so. As Sakab stated in its very first pleading in this case, Sakab seeks only to secure prejudgment attachments and to record memoranda of *lis pendens* on eight luxury condominiums in Boston. (Verified Complaint ¶ 5, ECF No. 1-1 ("Verified Compl.").) Once such preliminary relief is obtained, Sakab seeks to stay this action pending resolution of the principal, comprehensive asset-recovery lawsuit already well underway in Canada, titled *Sakab*

*Saudi Holding Co., et al. v. Saad Khalid S Al Jabri, et al.*, No. CV-21-00655418-00CL (Ontario Superior Court of Justice (Commercial List)) (the "Ontario Action").  (Verified Compl. ¶ 5.) Thus, the only issue before this Court (or the Massachusetts Superior Court if the case is remanded) is whether to grant comity to the Ontario Superior Court's orders.  There will be no occasion, nor any reason, to litigate the merits of the substantive fraud and other claims against Defendants, as those claims are being fully and comprehensively adjudicated in the Ontario Action.  Thus, there will be no occasion for Defendants to try to inject information with purportedly national security implications into the case.  Instead of addressing the issue of comity—the only issue that Sakab is raising in this action—Defendants are tactically and unnecessarily threatening to disclose purportedly sensitive information to complicate and delay this action, and to attempt to involve the U.S. Department of Justice in this matter, for their own strategic purposes.  Thus, Sakab continues to oppose the United States' motion to intervene in this action.  (That motion is fully briefed.)

However, should the Court grant the United States' motion to intervene, Sakab has no objection to the Court entering the United States' proposed protective order, subject to modifications agreed on by Sakab, the United States and Defendants.

Dated: September 17, 2021

Respectfully submitted,

SAKAB SAUDI HOLDING COMPANY,

By its attorneys,

/s/ William R. Stein
William R. Stein (*Pro Hac Vice*)
Samuel W. Salyer (*Pro Hac Vice*)
HUGHES HUBBARD & REED LLP
1775 I St., N.W.
Washington, D.C. 20006
Telephone: (202) 721-4600
Facsimile: (202) 721-4646
william.stein@hugheshubbard.com
samuel.salyer@hugheshubbard.com

Neil J. Oxford (*Pro Hac Vice*)
Meaghan Gragg (*Pro Hac Vice*)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 299-6000
neil.oxford@hugheshubbard.com
meaghan.gragg@hugheshubbard.com

-and-

Richard M. Zielinski (BBO# 540060)
Douglas B. Rosner (BBO# 559963)
Denis M. King (BBO# 555838)
GOULSTON & STORRS PC
400 Atlantic Avenue
Boston, Massachusetts 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-4112
rzielinski@goulstonstorrs.com
drosner@goulstonstorrs.com
dking@goulstonstorrs.com

**CERTIFICATE OF SERVICE**

    I certify that this document, filed through the CM/ECF system, will be sent electronically to the registered participants who have appeared in this case as identified on the Notice of Electronic Filing (NEF), with a courtesy copy sent by electronic mail, on September 17, 2021.

                                          /s/ William R. Stein
                                          William R. Stein