IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAKAB SAUDI HOLDING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>SAAD KHALID S AL JABRI, *et al.*,<br><br>Defendants. | Case No. 21-cv-10529-NMG |

**INTERVENOR UNITED STATES'[1] REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**

Pursuant to the Court's order granting leave to file, ECF No. 56, the United States submits this reply in support of its motion for protective order and states as follows:

**INTRODUCTION**

The Director of National Intelligence has asserted the state secrets privilege in this litigation, following her personal and careful consideration of the matters at issue. *See* Declaration of Avril Haines, Director of National Intelligence, ECF No. 47-1. The United States has requested that the Court uphold that assertion of the privilege and enter a protective order that would exclude the privileged information from further proceedings in this case and establish procedures to ensure that privileged information is not disclosed, inadvertently or otherwise. ECF No. 47. The United States has met all procedural requirements necessary to properly assert the state secrets privilege and no party contends otherwise. *See id.*

The United States files this reply to address two points arising since the motion for

---

[1] The United States has filed a motion to intervene as of right, which remains pending. ECF No. 40.

protective order was filed.  First, the United States and Plaintiff have agreed to the modification of certain terms in the United States' proposed protective order, in exchange for Plaintiff's consent to the motion.[2]  Second, the United States files this reply to oppose Defendants' request that the protective order permit Defendants to use information subject to the state secrets privilege in seeking dismissal of this litigation.  As set forth below, the Court should reject that addition to the protective order.

## BACKGROUND

Shortly after the United States filed its motion, Plaintiff's counsel reached out to negotiate certain modest changes to the procedures specified in the proposed order the Government submitted.  The United States and Plaintiff agreed to certain of these modifications, which generally provide greater flexibility for the parties to address matters that are unlikely to implicate the United States' interests, such as routine procedural motions for extensions of time.  *See* Ex. A.  On the basis of these changes, Plaintiff consented to the United States' motion, while reserving their continued objection to the United States' intervention in these proceedings.  ECF No. 53 at 2 ("Pl.'s Response").

The parties conferred with Defendants regarding these proposed changes.  Defendants and the United States provisionally agreed to add a mechanism for parties to seek relief from the terms of the protective order, so long as the motion in question is filed pursuant to the procedures specified in the protective order.  Ex. A ¶ 12.  Although Defendants elected not to consent to the protective order, ECF No. 51 at 10 ("Defs.' Response"),[3] the United States is nonetheless willing

---

[2] The United States therefore provides the attached modified proposed protective order with this reply in recognition of those negotiations with Plaintiff.  Ex. A.

[3] All Defendants incorporated by reference the response filed by Dr. Saad Aljabri.  *See* ECF No. 54.

to maintain that term in the revised proposed protective order.

Defendants also request that the protective order submitted by the United States be modified to allow them to use privileged information in seeking dismissal of this litigation. Specifically, Defendants request that the Order should include the following addition:

> The requirements set forth in this Protective Order shall not apply to any filings in connection with a motion to dismiss on the basis of the United States' assertion of the state secrets privilege.  Privileged information may be included in such filings, which shall be treated as Highly Sensitive Documents and filed directly with the Court in accordance with Standing Order 21-1, as amended January 26, 2021, regarding Highly Sensitive Documents Filing, Service, and Management.

Defs.' Response at 9.

## ARGUMENT

The United States opposes Defendants' proposed addition to the protective order for several reasons.

**1.** As an initial matter, the Defendants' request is premature and need not be resolved at this stage.  Defendants' requested addition to the protective order concerns the process that would apply to the question of whether litigation must be dismissed as a result of a successful privilege assertion.  But that issue is the "final" step in any adjudication of a state secrets assertion, and it need not be addressed before a decision on whether the United States has met the procedural requirements for asserting the privilege and whether the information itself is properly protected. *See El-Masri v. United States*, 479 F.3d 296, 304–08 (4th Cir. 2007).  As noted above, should the Defendants wish to advance an argument that they be permitted to use privileged information in moving to dismiss, the modified proposed protective order contains language negotiated with the Defendants that would provide them a mechanism to seek relief from the terms of the order.  Ex. A ¶ 12.  That would provide for a process by which the Court may address this issue after the

privilege assertion itself has been considered by the Court.[4]

If the privilege assertion is upheld, Defendants may then move to dismiss on the ground that information excluded from the case by the United States' assertion of the state secrets privilege is necessary to their defense. But Defendants can file that motion and convey their position that privileged information is needed for their defense without actually using that privileged information in the motion. The proposed protective order contemplates a process whereby the United States would confer with the parties prior to any filings and, through that process, can assist Defendants in preparing their motion using information that would convey their position without privileged information. *See* Ex. A ¶ 3 (providing for pre-filing review). And to the extent Defendants then wish to contest the Government's position that certain information must be excluded from a motion to dismiss, the proposed protective order creates a process whereby such a dispute can be presented to the Court at that time. Ex. A ¶ 12.

Until that time, the Court need not and should not grant Defendants a right to use privileged information. Indeed, the Court may conclude that there is no need for Defendants to convey privileged information with their motion. The United States has provided the Court—*ex parte* and *in camera*—with an extensive description of the information subject to its assertion of the state secrets privilege. *See* Notice of Lodging, ECF No. 48. The Court therefore has access to

---

[4] Indeed, the United States understood this to be the purpose of Defendants' request for this added provision: to permit them to subsequently move for relief from the protective order at a later stage to file privileged information with any motion to dismiss (a motion the United States would oppose). In agreeing to this provision for seeking relief later, the United States did *not* consent to allowing Defendants to file privileged information with a motion to dismiss, as Defendants recognize. Defs.' Response at 3 n. 2. And contrary to Defendants' implication, the United States' agreement to include a provision allowing parties to seek relief from the protective order was not rooted in any expectation that the terms of the proposed order will be "onerous" or "likely to be impracticable." *See id.* at 10. To the contrary, Plaintiff has now consented to the proposed order attached to this reply.

substantial information that would assist the Court in considering any motion to dismiss filed by the Defendants, including the question of whether privileged information is needed to litigate the claims. The Government stands ready to confer with the Court in a secure manner regarding any issues that may need to be addressed in a motion to dismiss as a result of the United States' assertion of privilege. All of these steps can occur without the need for Defendants to submit privileged information with a motion to dismiss and without resolving a dispute on that issue now.

Lastly, the United States understands that the parties disagree about whether the underlying merits of Plaintiff's claims need to be litigated at all in this case. Plaintiff takes the position that the Court should enter relief simply on the basis of comity to the parallel proceedings now pending in Canada, Pl.'s Response at 2, while Defendants assert that such an approach is not consistent with governing law, Defs.' Response at 4–5. If the Court agrees with Plaintiff, there may be no need for the use of privileged information in these proceedings or, at least, for the time being. For this reason as well, the Court need not yet consider whether exclusion of the privileged information will require dismissal, or the process for deciding such a motion, until after addressing whether the merits of Plaintiff's claims should be litigated in this Court.[5]

    **2.**    Notwithstanding all the foregoing reasons for deferring the matter, should the Court determine to decide the question now, the United States firmly opposes Defendants' request that they be permitted to submit privileged information with any motion to dismiss, which is contrary to law and harmful to the national security interests of the United States.

---

[5] To be clear, the United States does not agree to deferring a decision on its intervention in this case or the privilege assertion itself until this issue of "comity" is resolved. The Government's intervention and privilege assertion establishes the basis for federal jurisdiction, ECF No. 40 at 9, and should be decided before any other issue is addressed by this Court, particularly where Dr. Saad Aljabri has repeatedly indicated his intent to use privileged information in this litigation. Whatever recognition the Canadian court order is entitled to in this case is properly addressed after the Government's intervention and privilege assertion is resolved.

Defendants' proposal first runs counter to the fundamental rule that a court's determination that evidence is a privileged state secret "removes it from the proceedings entirely." *El-Masri*, 479 F.3d at 306; *see also ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 655 (6th Cir. 2007) (opinion of Batchelder, J.) (noting that privileged state secrets are "withheld from discovery or disclosure"); *Zuckerbraun v. Gen. Dynamics Corp.*, 935 F.2d 544, 546 (2d Cir. 1991) ("Once properly invoked, the effect of the [state secrets] privilege is to exclude the [privileged] evidence from the case."). There is no exception to that rule allowing private parties to use privileged information for certain purposes, including for the purpose of moving to dismiss. Adopting Defendants' request for such an exception would run counter to the Supreme Court's instruction that judicial review of a privilege assertion must not "force disclosure of the thing the privilege was meant to protect." *United States v. Reynolds,* 345 U.S. 1, 8 (1953). That is what Defendants propose here: that the Court permit disclosure of privileged information by the parties as part of judicial review in these proceedings. That proposal cannot be squared with the Court's admonition in *Reynolds*.

It also makes no difference that Defendants propose to use information already known to Defendant Dr. Saad Aljabri.

The state secrets privilege is based on the President's Article II authority to control access to and dissemination of "military or diplomatic secrets." *See United States v. Nixon*, 418 U.S. 683, 710 (1974) (President's Article II powers to conduct foreign and military affairs encompass the authority to invoke a "claim of privilege on the ground" that information includes "military or diplomatic secrets"); *see also El Masri,* 479 F.3d at 303 (recognizing that the state secrets privilege is rooted in Article II duties to which "the courts have traditionally shown the utmost deference."). Under the separation of powers established by the Constitution, the Executive is exclusively responsible for the protection and control of national security information. *See Dep't of Navy v.*

6

*Egan*, 484 U.S. 518, 527 (1988). The decision to grant or deny access to such information rests exclusively within the discretion of the Executive. *See id.* at 529; *Dorfmont v. Brown*, 913 F.2d 1399, 1401 (9th Cir. 1990); *Guillot v. Garrett*, 970 F.2d 1320, 1324 (4th Cir. 1992).

Thus, even where a private party may possess privileged information, that person is not permitted to use such information over the objection of the Executive Branch in judicial proceedings where the privilege has been sustained. Indeed, courts have rejected efforts by private parties who may have knowledge of privileged information to obtain protective orders that would allow their attorneys to access and use such information on their behalf. *See, e.g., Sterling v. Tenet*, 416 F.3d 338, 348 (4th Cir. 2005) (denying request by employee of Central Intelligence Agency ("CIA") for court to "devise special procedures" that would allow him to litigate issues using state secrets as any such "special accommodations give rise to added opportunity for leaked information"); *Tilden v. Tenet*, 140 F. Supp. 2d 623, 626 (E.D. Va. 2000) ("[C]ourts have routinely denied attorneys' requests to participate in *in camera* reviews even when the attorneys have security clearances."). *Cf. El-Masri*, 479 F.3d at 311 (rejecting the argument that the district court "should have employed some procedure under which state secrets would have been revealed to him, his counsel, and the court, but withheld from the public," because that argument was "expressly foreclosed by *Reynolds*"); *Halkin v. Helms*, 598 F.2d 1, 7 (D.C. Cir. 1978) ("Protective orders cannot prevent inadvertent disclosure nor reduce the damage to the security of the nation which may result. Therefore we reject the plaintiffs' argument that counsel should have been permitted to participate in the in camera proceedings below.").

That rule applies even where the person seeks to use privileged information already in their knowledge. The Second Circuit, for example, upheld the district court's denial of access to information over which the Government had asserted the state secrets privilege even where the

plaintiff had previously had access to some of the privileged information while working as a covert employee for the CIA.  *See Doe v. CIA,* 576 F.3d 95, 106 (2d Cir. 2009).  The Second Circuit reasoned that "[e]ven if they already know some of [the information], permitting the plaintiffs, through counsel, to use the information to oppose the assertion of privilege may present a danger of '[i]nadvertent disclosure' – through a leak, for example, or through a failure or mis-use of the secure media that plaintiffs' counsel seeks to use, or even through over-disclosure to the district court *in camera* – which is precisely 'the sort of risk that *Reynolds* attempts to avoid.'" *Id.* (quoting *Sterling*, 416 F.3d at 348).

    The same principles apply here.  Defendants ask the Court to confer upon them authority to decide for themselves what privileged information should be made a part of these proceedings through a motion to dismiss and who should have access to such information.  But it is the province of the Executive Branch to control dissemination of state secrets, not that of a private party.  *See, e.g.*, *United States v. Nixon*, 418 U.S. at 710.  The need to adhere to these principles is rooted in real concerns about how Defendants' proposal would impact national security.  Defendants' proposal would involve the drafting, handling, and use of highly sensitive national security information by Dr. Saad Aljabri and his counsel, creating numerous possible points that could result in information being intentionally or inadvertently put at risk of disclosure not authorized by the Executive Branch.  *See Doe*, 576 F.3d at 106; *Sterling*, 416 F.3d at 348.  The very impetus of the Government's privilege assertion was the Defendants' threat to use privileged information in response to the motion to remand the case to state court.  In upholding the privilege, the Court should not also grant Defendants the right to use privileged information in this case over the Government's objection.

    Finally, Defendants' proposal to use the Court's protocols for the handling of "highly

8

sensitive documents" is inadequate to address the risks inherent in permitting privileged information to be disclosed in these proceedings. The Court's standing order regarding highly sensitive documents—which was established to mitigate cybersecurity risks in regard to certain law enforcement and personally identifying information, Standing Order 21-1 (Jan. 26, 2021)—does not apply to or represent a secure means of handling classified national security information of the Executive Branch. To ensure information security, classified national security information may only be transmitted and handled using methods approved by the Executive Branch for that purpose. *See* Exec. Order No. 13,526 § 4.1(g), 75 Fed. Reg. 707, 721 (Jan. 5, 2010) (instructing the Director of National Intelligence and other senior executive officials to "establish controls to ensure that classified information is used, processed, stored, reproduced, transmitted, and destroyed under conditions that provide adequate protection and prevent access by unauthorized persons").

Therefore, the Court should reject Defendants' proposed addition to the proposed protective order and not permit a private party to create, handle, and use national security information subject to the state secrets privilege in this litigation, over the objection and outside the control of the Executive Branch.

## **CONCLUSION**

For the foregoing reasons, the Court should grant the United States' motion for a protective order and enter the attached revised protective order.

Dated: October 1, 2021                              Respectfully submitted,

                                                                    BRIAN M. BOYNTON
                                                                    Acting Assistant Attorney General

                                                                    ANTHONY J. COPPOLINO
                                                                    Deputy Director

/s/ *James Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 353-0543
Email: james.r.powers@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 1, 2021, I electronically filed the foregoing Reply with the Clerk of the Court by using the CM/ECF system. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

/s/ *James Powers*
JAMES POWERS