UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAKAB SAUDI HOLDING COMPANY,<br><br>　　　　Plaintiff,<br>v.<br><br>SAAD KHALID S AL JABRI,<br>KHALID SAAD KHALID AL JABRI,<br>MOHAMMED SAAD KH AL JABRI,<br>NEW EAST (US) INC.,<br>NEW EAST 804 805 LLC,<br>NEW EAST BACK BAY LLC,<br><br>　　　　Defendants. | Case No. 1:21-cv-10529-NMG<br><br>**Leave to File Granted October 21, 2021 (ECF No. 61)** |

**DR. SAAD ALJABRI'S SUR-REPLY REGARDING THE UNITED STATES'
MOTION FOR A PROTECTIVE ORDER**

The United States opposes Defendants' request to use privileged information in support of a motion to dismiss for three main reasons. First, it argues that its proposal for a pre-filing review process would protect Defendants' ability to later seek relief. ECF No. 57 at 3-4. Second, it argues the request is "premature and need not be resolved at this stage." *Id.* at 3. Third, it argues that allowing Dr. Saad to submit information directly to the Court would not adequately protect that information. *Id.* at 8-9. Each of these propositions is incorrect.

*First*, as to the pre-filing review process, the Government's proposed process requires the parties to omit any potentially privileged information even from submissions *to the United States*. *See* ECF No. 51, at 7. Indeed, under the proposed protective order, Dr. Saad could be sanctioned for including such information in his submissions to the Government. That element of the protective order makes it impossible for the pre-filing review process to work as articulated by the Government in its Reply. *See* ECF No. 57, at 4 (describing a "process whereby the United States would confer with the parties prior to any filings and, through that process, can assist Defendants

in preparing their motion using information that would convey their position without privileged information.").

***Second***, as to whether Dr. Saad's request is premature, it is not, given how the case is likely to proceed after the Court rules on the pending motions. The "modest changes" to the proposed protective order requested by Sakab's counsel, *see id.* at 2, all relate to Sakab's ability to seek emergency relief from the Court—which Sakab has already announced its intention to pursue.[1] ECF No. 53, at 2. Once Sakab renews its requests for relief, Defendants would have 14 days to file a response, which would argue that Sakab is unlikely to succeed on the merits of its claims. *See* Local Rule 7.1(b)(2); ECF No. 51, at 4-5. Under the proposed Protective Order, Dr. Saad would need to submit his draft response to the United States for its pre-filing review within *4 days* (10 days in advance of the 14-day deadline under the Local Rules), see ECF 57-1, at ¶ 3, while simultaneously negotiating with the United States over what information the United States will allow to be included in a dispositive motion—all without actually referencing privileged information.

This process itself will elucidate why this case cannot proceed following the United States' assertion of state secrets: In a lawsuit filed by a foreign instrumentality created for the purpose of carrying out *intelligence* activities with the United States Intelligence Community, filed against a foreign senior *intelligence* official who managed the close *intelligence* relationship with the United States, about transactions that were used to compensate and carry out *intelligence* activities and programs with the United States Intelligence Community, the United States seeks to exclude any

---

[1] There is no need for Sakab to do so in light of the parties' Standstill Agreement, whereby Sakab holds Negative Pledge Notices on the Boston Properties and the New East Defendants have agreed not to permit any sort of encumbrances (including a purchase and sale agreement or other title retention agreement) on those Properties, potentially for the duration of this litigation. *See* ECF No. 39.

reference to "activities or interests of the [U.S. Intelligence Community]." *See* ECF No. 57-1, at ¶ 1. Whether or not Sakab is likely to succeed on the merits of its claims is impossible for the parties to brief, much less for the Court to decide, without delving into privileged information. Thus, deciding how to brief dismissal is not premature at all. Rather, the process set forth in the Government's proposed protective order will needlessly delay what the United States rightly recognizes as the "final step in any adjudication of a state secrets assertion"—deciding whether the case must be dismissed on the basis of the state secrets privilege. *See* ECF No. 57, at 3 (citing *El-Masri v. United States*, 479 F.3d 296, 304-08 (4th Cir. 2007)). Unless the Protective Order includes a mechanism for Defendants to seek dismissal without pursuing a modification of that Order, the case will experience a procedural quagmire.[2]

***Third***, as to the national security interests of the United States, Dr. Saad agrees with the Director of National Intelligence that sensitive national security information is "implicated by this litigation." *See* Haines Decl. ¶ 10. And Dr. Saad agrees that the national security interests of the United States are profound. That is precisely why Dr. Saad has not disclosed privileged information in any of the pending proceedings brought by Sakab, in Canada or in this case—to his considerable prejudice. *See* ECF No. 51, at 4 n.3. That is also why, after Sakab brought this suit, Dr. Saad responsibly brought to the attention of the United States the threat posed by Sakab's suit, and why he has continued not to disclose privileged information as the litigation has proceeded. If there has been any "threat" that U.S. national security information would be disclosed in this case, that is because Sakab, an entity owned and controlled by the government of the Kingdom of Saudi

---

[2] The risk of such a quagmire may be minimized if the Court were to enter an expedited briefing schedule for Dr. Saad to file a dispositive motion prior to any further litigation in this case. Such a schedule would not prejudice Sakab because (1) Defendants entered a stipulation with Sakab over the Boston Properties, *see supra* n.1; and (2) Dr. Saad is prepared to file his dispositive motion and brief it on an expedited schedule.

Arabia, raised the specter of disclosure when it brought this action against a former intelligence official.

Dr. Saad is facing egregious charges of professional misconduct that he must be allowed to defend against—and if he may not present a defense because of the United States' assertion of state secrets, then he must be allowed to seek dismissal on that basis. Dr. Saad has therefore proposed a mechanism for this Court to adjudicate the implications of the United States' assertion of state secrets that will balance the interests of the United States with his right to articulate the prejudice to his defense because of that assertion. If the Court's procedures for handling Highly Sensitive Documents are not adequate, then Dr. Saad proposes that he be allowed to submit privileged information directly to the Court in the same manner as the United States has apparently done so—*ex parte* and *in camera*. *See* Notice of Lodging, ECF No. 48; ECF No. 57 at 4 (stating that the United States provided the Court "with an extensive description of the information subject to its assertion of the state secrets privilege" *ex parte* and *in camera*). If that procedure was adequately secure for the United States, it ought to be adequately secure for the Defendants.

Dated: October 21, 2021

Respectfully submitted,

By: */s/ Scott C. Ford*

R. Robert Popeo (BBO #403360)
Scott C. Ford (BBO # 629280)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC
One Financial Center
Boston, MA 02111
Phone: (617) 348-1744
Fax: (617) 542-2241
rrpopeo@mintz.com
scford@mintz.com

Lindsay C. Harrison (pro hac vice)
JENNER & BLOCK LLP

             1099 New York Avenue, NW
             Suite 900
             Washington, DC 20001-4412
             Phone: (202) 639-6865
             Fax: (202) 639-6066
             lharrison@jenner.com

*Attorneys for Saad Khalid S Al Jabri*

## CERTIFICATE OF SERVICE

I certify that the above document was filed electronically and served on the parties and counsel for the United States using the CM/ECF system on October 21, 2021.

             */s/ Scott C. Ford*
             Scott C. Ford