```
                    United States District Court
                      District of Massachusetts
 _____
                               )
Sakab Saudi Holding Co.,       )
                               )
        Plaintiff,             )
                               )
        v.                     )
                               )   Civil Action No.
Saad Khalid S Aljabri, et al., )   21-10529-NMG
                               )
        Defendants.            )
                               )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

The present action arises from claims made by Sakab Saudi Holding Co. ("Sakab" or "the plaintiff") alleging that the defendants, Saad Aljabri ("Aljabri"), his sons Khalid and Mohammed Aljabri, and various companies allegedly controlled by the Aljabri family (collectively, "the defendants" or "the Aljabris"), expropriated approximately $3.5 billion dollars from Sakab and related Saudi Arabian state-owned companies.

The Aljabris vigorously deny any wrongdoing and contend that this action is part of an ongoing campaign of politically-motivated harassment directed at them by the government of Saudi Arabia due to Aljabri's association with its former crown prince, Mohammed bin Nayef. Aljabri asserts three counterclaims against Sakab for: 1) declaratory judgment that the subject transactions were legal, 2) declaratory judgment that Sakab is

-1-

not entitled to enforce in Massachusetts certain injunctive relief awarded to it in a related action pending in Ontario, Canada ("the Ontario action") and 3) judgment against Sakab for abuse of civil process.

A fundamental hindrance to resolving the dispute between Sakab and the Aljabris is the fact that, during the relevant period, both were immersed in counter-terrorism work of the Kingdom of Saudi Arabia in conjunction with the United States ("the government"). Aljabri contends that a full exposition of his role in that counter-terrorism work would vindicate the propriety of the alleged fraudulent transactions. Frustrating his ability to make any such showing, however, is our government's assertion of state secrets and statutory privilege with respect to a prodigious amount of relevant evidence, see Docket No. 47-1 (describing the privileged material in general, unclassified terms), the withholding of which this Court has found to be valid.

In response to the Aljabris' concerns that they cannot fairly defend themselves (or even substantiate a motion to dismiss) without recourse to privileged material, see Docket No. 62, and as a result of the Court's own review of a portion of that material, the Court ordered Sakab to show cause why the present action should not be dismissed. Sakab responds with the caveat that it seeks only a) prejudgment attachment of

defendants' real estate located in the Commonwealth of Massachusetts, namely, eight condominiums in the City of Boston, b) issuance of a lis pendens as to the same and c) a stay of this action until the Ontario action is resolved.  Plaintiff submits that because the Court can grant Sakab all of that relief without reaching any matter implicating privileged material, dismissal is unwarranted.

The Court is unconvinced.  Having determined that Sakab's claims cannot go forward in light of the government's claim of privilege and that Sakab is not entitled to the injunctive relief that it seeks, the Court will dismiss plaintiff's action. Because privileged material is similarly pertinent to Aljabri's first counterclaim it, too, will be dismissed.  The Court declines, however, to address the merits of defendant's two remaining counterclaims which will therefore be dismissed without prejudice.

## I.   Sakab's Claims for Preliminary Relief

In its memorandum and order upholding the government's assertion of the state secrets privilege (Docket No. 63) the Court concluded that defendants could not defend themselves from Sakab's claims without divulging privileged information.  In the normal course, such a determination would lead directly to dismissal of the claims, see Wikimedia Found. v. NSA/Central Sec. Serv., 14 F.4th 276, 304 (4th Cir. 2021), but here, Sakab

contends that it should, nevertheless, be granted certain preliminary injunctive relief, namely, prejudgment attachment of the defendants' real estate and entry of a lis pendens.

### A.   Prejudgment Attachment

Sakab seeks to file a motion for a prejudgment attachment of the Aljabris' Massachusetts real estate pursuant to Fed. R. Civ. P. 64.  Rule 64 incorporates state law to determine the availability of a prejudgment attachment of property. See Grupo Mexicano De Desarrollo v. Alliance Bond Fund, 527 U.S. 308, 330-31 (1999), Granny Goose Foods v. Bhd. Of Teamsters & Auto Truck Drivers, 415 U.S. 423, 436 n.10 (1974).  Under Massachusetts law, Mass. R. Civ. P. 4.1, along with M.G.L. c. 223, § 42, govern the availability of prejudgment attachment.  Rule 4.1 provides that

> [s]ubsequent to the commencement of any action under these rules, real estate, goods and chattels and other property may, in the manner and to the extent provided by law, but subject to the requirements of this rule, be attached and held to satisfy the judgment for damages and costs which the plaintiff may recover.

Mass. R. Civ. P. 4.1(a).

Among the requirements of Rule 4.1 is that a plaintiff seeking prejudgment attachment show a reasonable likelihood that it will recover judgment in an amount equal to or greater than the amount of the attachment, over and above any liability insurance held by the defendant. See Mass. R. Civ. P. 4.1(c), Greenbriar Cos. v. Springfield Terminal Ry., 477 F. Supp. 2d

314, 317 (D. Mass. 2007). A showing of reasonable likelihood of success on the merits is a prerequisite for attachment. See International Ass'n of Bridge, Structural & Ornamental Iron Workers v. Burtman Iron Works, 164 F.R.D. 305, 306 (D. Mass. 1995) (collecting cases).

Sakab has failed to make such a showing. It submits that the Court should find that it has satisfied the reasonable likelihood standard of the rule as an exercise of comity with respect to the interlocutory decisions of the Ontario (Canada) Superior Court of Justice. Those decisions demonstrate, Sakab avers, that it is likely to prevail in the Ontario action but that notion is contrary to the plain meaning of the Federal and Massachusetts Rules and, unsurprisingly, Sakab cannot cite a single case in which a federal court has done what it now urges of this Court.

Rule 64 limits the available prejudgment remedies to those which "secure satisfaction of the potential judgment." Fed. R. Civ. P. 64 (emphasis supplied). Rule 4.1 likewise limits prejudgment relief to that which can be "held to satisfy the judgment . . . which the plaintiff may recover." Mass. R. Civ. P. 4.1(a) (emphasis supplied). Both rules employ the definite article to refer to the judgment, if any, obtained in the action before that court. Neither contemplate that the likelihood of

success in another, foreign action can justify prejudgment attachment in the action at hand.

Further forays into Massachusetts law affirm that conclusion. For instance, Chapter 223, section 42 of the Massachusetts General Laws provides that all real property, with exceptions not relevant here,

> may be attached upon a writ of attachment in any action in which the debt or damages are recoverable, and may be held as security to satisfy such judgment as the plaintiff may recover.

M.G.L. c. 223, § 42. Section 42 undermines Sakab's argument twice over: first, in prescribing attachment in actions in which the debt or damages are demonstrably recoverable, which is not this case, and second, in designating attachment as security to satisfy "such judgment as the plaintiff may recover", a phrase which read in context gives no indication of encompassing judgments recovered in other, foreign jurisdictions.

Thus, because Sakab cannot demonstrate a reasonable likelihood of success in this action, it is not entitled to prejudgment attachment of defendants' properties.

### B. Lis Pendens

For substantially the same reasons, Sakab is not entitled to the recording of a lis pendens.[1] A lis pendens may issue

---

[1] Sakab has moved for leave to file a memorandum of law with respect to lis pendens (Docket No. 72) which will be treated by this Court as a motion to record a lis pendens.

under Massachusetts law if the subject matter of the action concerns a claim of title to real property. M.G.L. c. 184, § 15(b). It is intended to put third parties on notice that the action is pending and does not create any new right, interest or remedy in the property. Debral Realty, Inc. v. DiChiara, 430 N.E.2d 343, 345-46 (Mass. 1981).

Sakab contends that, because its claims relate to defendants' Massachusetts properties, the Court can issue a lis pendens and then stay the action. That argument is unavailing. A lis pendens provides notice that property is the subject of a pending action. See Debral, 430 N.E.2d at 347 (explaining that the lis pendens "temporarily restricts the power of a landowner to sell his or her property, by depriving the owner the ability to convey clear title while litigation is pending"), Wolfe v. Gormally, 802 N.E.2d 64, 70 (Mass. 2004) (holding that the Land Court properly approved a lis pendens to give notice to prospective purchasers that real estate was "subject to active legal challenge"). It is derivative of the underlying claims, and while it "reflects" the pendency of the action, Wolfe, 802 N.E.2d at 70, or refers to it, the lis pendens cannot of its own force sustain the action, see Debral, 430 N.E.2d at 345-46. Here, the underlying proceeding to which the lis pendens would refer consists of ten claims which the Court has determined must be dismissed. Accordingly, the lis pendens will not issue.

The cases Sakab cites do not conjure a different conclusion. Sutherland v. Aolean Dev. Corp, 502 N.E.2d 528 (Mass. 1987) and DeCroteau v. DeCroteau, 65 N.E.3d 1217 (Mass. App. Ct. 2016) provide that the Court should issue a lis pendens if the action relates to real property without the necessity of finding that a claim has been stated before doing so. See Sutherland, 502 N.E.2d at 530-531, DeCroteau, 65 N.E.3d at 906. They do not, however, stand for proposition that the Court must (or can) refrain from dismissing the case because the nature of a claim would support the issuance of a lis pendens.

## II. Aljabri's Counterclaims

Aljabri asserts three counterclaims against Sakab the first of which is for a declaratory judgment under 28 U.S.C. § 2201 that the Massachusetts properties were lawfully obtained. Sua sponte dismissal of a claim entered without prior notice to the claimant is "strong medicine" to be dispensed sparingly. Chute v. Walker, 281 F.3d 314, 319 (1st Cir. 2002). Such a dismissal is appropriate only where it is "crystal clear that the [claimant] cannot prevail" and that amendment of the complaint would be futile. Garayalde-Rijos v. Municipality of Carolina, 743 F.3d 15, 23 (1st Cir. 2014) (citing Chute, 281 F.3d at 319).

That is the case with respect to Aljabri's first counterclaim which relies on the same privileged information underpinning Sakab's claims against Aljabri and is no more able

-8-

to proceed. See In re Sealed Case, 494 F.3d 139, 145 (D.C. Cir. 2007) (explaining that dismissal is proper where plaintiff is "manifestly unable" to make out a prima facie case without the privileged material) (quoting Ellsberg v. Mitchell, 709 F.2d 51, 65 (D.C. Cir. 1983)), see also Sterling v. Tenet, 416 F.3d 338, 347-48 (4th Cir. 2005) (holding that when "no amount of effort and care" could safeguard state secrets from divulgence during litigation, dismissal is warranted).  To declare that the Massachusetts properties were lawfully obtained the Court would necessarily have to find that the financial transactions between Aljabri and Sakab were lawful and any such finding ineluctably depends upon privileged information.

Sua sponte dismissal with prejudice of the second and third counterclaims is, however, unwarranted.  Unlike Aljabri's first counterclaim, it is not "crystal clear" that his counterclaims for the unenforceability of the Ontario injunctions and for a finding of abuse of civil process lack merit. Chute, 281 F.3d at 319.  Further, while the issues underlying the first counterclaim are comparatively well-developed, albeit in the context of Sakab's claims, the questions raised by the second and third counterclaims are not.

**ORDER**

For the foregoing reasons,

1) plaintiff's motion for leave to file a memorandum of law re lis pendens (Docket No. 72), treated as a motion to record a lis pendens, is **DENIED**;

2) plaintiff's claims for breach of fiduciary duty (Count I), fraud (Count II), fraudulent misrepresentation (Count III), fraud by omission (Count IV), conversion (Count V), conspiracy (Count VI), aiding and abetting (Count VII), unjust enrichment (Count VIII), fraudulent transfer (Count IX) and alter ego/piercing corporate veil (Count X) are **DISMISSED**;

3) defendant's counterclaim for declaratory judgment under 28 U.S.C. § 2201 that the Massachusetts properties were lawfully obtained (Count I) is **DISMISSED**;

4) defendant's counterclaims for declaratory judgment under 28 U.S.C. § 2201 that certain injunctive relief awarded to plaintiff in the action pending in the Ontario (Canada) Superior Court of Justice cannot be enforced in Massachusetts (Count II) and for abuse of civil process (Count III) are **DISMISSED without prejudice**; and

5) the government's motion for a protective order (Docket No. 47) is **DENIED as moot.**

**So ordered.**

          /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 29, 2021